BROWN *against* SCHEAFFER.

IN ERROR.

*Chambersburg,*
*Saturday,*
*October 9.*

IN this case, which was a writ of error to *Franklin* county, it appeared by the record, that *Scheaffer* the plaintiff below, had entered a rule of arbitration, and the defendant not attending according to notice, he and the prothonotary named arbitrators, who, at a meeting of which the defendant also had notice but omitted to attend, found an award for the plaintiff. The award simply found so much money for the plaintiff; and there was neither declaration nor statement filed by the plaintiff, to shew what was his cause of action, which was the error relied upon in this Court.

> If a cause be referred to arbitrators, it is not necessary that there should be any declaration or statement filed by the plaintiff, or any thing inserted in the award, to shew the cause of action.

*Chambers* and *Duncan* for the plaintiff in error.

*Crawford* contra.

TILGHMAN C. J. The plaintiff in this case entered a rule of reference in an action on the case, under the " act regu-" lating arbitrations," passed 20th *March* 1810. The proceedings were all *ex parte*, as the defendant did not think proper to join in the choice of the arbitrators. A report was made in favour of the plaintiff, upon which judgment was entered, and the error assigned is that there was no declaration or statement filed, by which the cause of action might appear on the record. At the opening of the case, I was struck forcibly with the inconvenience which might result from such proceedings, and I am still sensible of them; but upon considering the act of assembly, I find no power

in this Court to remedy the evil. The law has introduced a new mode of trial, by which the proceedings may be withdrawn from the Court, and carried before arbitrators, immediately after the commencement of the action. It is not required that a declaration or statement should be filed of record, nor are the arbitrators required to keep a record of their proceedings.

The legislature seem to have supposed that no injustice could be done, because either party might appeal to the Court in which the suit was instituted, and then the action would be conducted with the usual formalities. But even supposing both parties to be satisfied with the award, it may be of great importance that the cause of action should appear on record, lest another action should afterwards be brought for the same cause. It is not sufficient however for the plaintiff to point out an inconvenience. This Court is vested with no general power of supplying defects in the acts of the legislature. Still it is always to be expected, that when defects occur in practice, those who have the power, will apply a speedy remedy. Before the present system of arbitration was introduced, it had been decided by this Court, that in case of a *voluntary* reference, judgment might be entered on the report of the referees without filing a declaration. That principle is decisive of the present question. The necessity of filing a declaration is no greater now than it was then. I hope a law will be passed, obliging the plaintiff *in every case* to place his cause of action on the record. In the mean time it will be prudent for defendants to request the arbitrators, to call on the plaintiff for a *written statement* of the cause of action to be signed by him, and authenticated in such a manner as will make it evidence, in case it should be necessary to ascertain it at a future time. My opinion is, that the judgment should be affirmed.

YEATES J. and BRACKENRIDGE J. concurred.

Judgment affirmed.