Tilghman C. J.
M'Elduff, the defendant in error, brought
an action of covenant against M'-Entire, the plaintiff in error, before a justice of the peace, and obtained judgment for 81 dollars SO cents damages, and costs of suit. The defendant appealed to the Court of Common Pleas, where the cause was submitted to arbitrators, who made an award in favour of the plaintiff for 115 dollars damages with costs of suit, for which judgment was entered in the Court of Common Pleas. The plaintiff in error has assigned six reasons for reversing the judgment.
1. No declaration was filed.
In suits before a justice declarations are never filed. No-’ tice was given that the action was covenant, for damages, for *21 non-performance of a contract under hand and seal, not exceeding 100 dollars. This was necessary in order to give jurisdiction to the justice. The pleadings were ore tenus. When the action was removed to the Court of Common Pleas, it was submitted to arbitrators, and in that case it has been repeatedly decided by this Court that a declaration is not necessary.
2. The second exception, being included in the first, requires no particular observation.
3. The third exception, which is the' only one of any weight, is, that the sum recovered in the Court of Common Pleas, exceeds the jurisdiction of the justice of the peace, which is limited to 100 dollars.
If the justice jhad given judgment for more than 100 dollars, it would have been erroneous, as was decided by this Court in the case of Moore v. Wait, 1 Binney, 219. But the judgment,in this case was only for 81 dollars 50 cents, which is within the jurisdiction. It has also been determined by this Court, in the case of Owen v. Shellmaher, 3 Binney, 45, that when the suit is carried to the Court of Common Pleas by appeal, the plaintiff cannot introduce a new cause of action. But it by no means follows that the cause of action was different, because the arbitrators awarded damages to a greater amount than was recovered before the justice. Nothing is more common than for different persons to form different opinions on the same matter. This is strongly exemplified, not only in awards of arbitrators but in verdicts of juries. We must take for granted then, nothing appearing on the record to the contrary, that the cause of action on which the plaintiff recovered in the Common Pleas was the same on which he recovered before the justice. It has been determined that when a cause came to trial by jury on an appeal, there was no impropriety in adding interest to the sum recovered before the justice, although the aggregate amount should be. more than 100 dollars. Upon that principle I think this judgment may be supported. The arbitrators may have added interest to a principal less than 100 dollars, and also additional damages for the vexation and expense of the appeal. The sum awarded (115 dollars) is so little more than the sum of which the justice had jurisdiction (100 dollars) that the excess may be well accounted for upon the principle I have mentioned. It is unnecessary therefore to de *22 cide what the law would be in case it appeared .that the arbitrators had been of opinion, that the cause of action as it originally stood before the justice, was of an amount more than 100 dollars.
4. The fourth exception is, that it does not appear on the record that-the justice had jurisdiction. The answer is, that it sufficiently appears. The plaintiff has averred, 1st, that his cause of action was a demand of damages for breach of a contract under hand and seal. This is as much as the act of assembly requires. He is to shew his cause of action, viz. to declare the nature of it,-whether bond,note, or book account; and, 2dlv, he has averred that his demand did not exceed 100 dollars. These two particulars, the nature and amount of the .demand establish the jurisdiction.
5. The fifth exception is, that it does not appear on the record, that notice of the time and place of meeting was given to the defendant. This is not error. It has been frequently decided, that the arbitrators need not reduce their proceedings to' writing.- If - they proceed irregularly, the Court will give relief in a summary way. If indeed they undertake to record their proceedings and upon the face of them they have, acted illegally, it is .error.
6. The sixth exception is to -the appointment of Henry■ Lutzenheiser as an arbitrator. It is is said to be illegal, because made in the absence of the defendant. But certainly this appointment was authorised by the 9th section of the act of the 20th March, 1810. It is thereby enacted, “ that if any “ arbitrator or arbitrators refuse, or neglect to attend, or are “ prevented by sickness or other unavoidable accident, a majority of the whole number of arbitrators, and the parties “ being present, and where one of the parties is absent, unless “ prevented by sickness or other unavoidable cause, notice • “thereof being given to the arbitrators, the sufficiency of “ which shall be left to their discretion, it shall then be the “duty of the arbitrators present, or a majority of them “ (when the parties cannot agree on suitable persons to supply-such vacancy) to appoint a competent number of per- “ sons in place of those who may be absent.” Now it is stated in this record, that a majority of the arbitrators and the plaintiff met; but one of the arbitrators and the defendant, were absent, and it does not appear that any excuse was made for the non-attendance of the defendant. The arbitra *23 tors who' were present then proceedéd to appoint Henry Lutzenheiser, in the place of Mr. Larimer, who was absent. This was in exact' conformity to the law. The exception therefore is not good. These are the reasons assigned for reversing the judgment. I am of opinion that none of them have been supported, and therefore the judgment should be affirmed.
Brackenridge J. concurred with the Chief Justice.
Yeates J.
gave no opinion, not having been present at the argument.
Judgment affirmed.