Tilghman C. J.
This case comes before us on a rule to shew cause, why the non pros, entered by the defendant’s attorney, should not be taken off. It was entered under a rule of Court, by which it is directed, “ that unless a declaration “ be filed within twelve months from the first day of the “ term.to which the original process is returnable, a non “ pros, shall be entered by the prothonotary as a matter of “ course, unless the parties otherwise agree by writing filed.” In this case the non pros, was enter.ed by the prothonotary, at the requesst of the defendant’s attorney, there being no agreement in writing to the contrary. The action was brought to December Term 1813. On the 4th February 1814, a compulsory rule of reference was entered on the part of the plaintiff. On the 24th February arbitrators were appointed, and on the 11th April 1814, an award in favour of the plaintiff was filed in the office of the prothonotary, from which the defendant appealed on the 20th of the same month. On the 26th December 1814, the nonpros, was entered. •
The matter then is reduced to this: if the time for filing the declaration is to be computed from the term to which the suit was brought to the day of entering the non pros., the twelve months required by the rule of Court were complete. But if the period during which the cause was before arbitrators, is excluded from the computation, the twelve months were not complete. This rule of court was made the 15th September 1801, and of course was calculated for the judiciary system, as it then stood. Afterwards came the “ act “ regulating arbitrations,” (passed 20th March 1810) by which either party, without the consent of the other, may *168 take the cause out of Court and have it decided by arbitrators. It has been determined by this Court, that the arbitrators may proceed to make an award without a declaration. On this subject I gave my opinion at large in Brown v. Schaefer. 6 Binn. 177. During the time then, that the cause was before the arbitrators, the rule of Court could have no operation. It was suspended by the arbitration act. But it is contended by the counsel for the defendant, that even if it was suspended, yet, upon the entry of the appeal, it was revived, (the cause being reinstated in Court) and operated in the same manner as if no arbitration had taken place. But this cannot be, because it would lead to shocking injustice. Suppose the cause to be carried before arbitrators soon after its commencement, and an award to be made in favour -of the plaintiff, twelve months after the first day of the term to which the suit was brought. This is a case that often happens. All,the defendant would then have to do, would be to make his appeal, and immediately enter a non pros, for want of a declaration. It would be impossible for the plaintiff to avoid this, and he would thus be thrown out of Court without any default; for it is no default' not to file a declaration when the law requires none. The reasonable construction of the rule of Court is, that it must bend to a state of things which did not exist at its formation, and for which it is not adapted. The most that the defendant could ask, would be to compute the time from the first day of the first term, excluding the period in which the cause was before the arbitrators; for such a computation would in fact include all the time in which it was in Court. I say this is the most that can be asked; but I give no opinion whether, even this would not be asking too much. If it were necessary, it might be worth while to consider, whether the time for filing a declaration should not begin to run from the entry of the appeal. But the case does not require it, because, upon the principles I have mentioned, the twelve months required by the rule of Court, had not elapsed, when the non pros, was entered. An objection has been urged in favour of the bail. It is said to be hard to hold them liable, after being once discharged. But this is begging the question; for if the non pros, was entered irregularly, the bail was not discharged for a moment. In whatever light this case is viewed, it appears to me very clearly, that the entry of the non pros, was *169 improper. The rule for taking it off should therefore be made absolute. ■ ■ t ’ n ' ■
Yeates J.
The plain object which this Court’-had in view when they adopted their rule of 15th September 1801, was to prevent their dockets being overloaded with-actions, which the-parties never intended to try. Many suits are brought under a momentary impulse, which on more cool reflection are abandoned by the plaintiffs, and the defendants think no more of them. It is a matter of fair presumption, that a person seeking redress for a supposed wrong, in a Court of Justice, who does not state the grounds of his complaint within twelve months thereafter, is supposed to have dropped the suit he has instituted. From the circumstances shewn to the Court, it is evident that the present cause is not ©f that description. - ■
I think the." rule a proper one, and the generality' of. its terms fully justifiable, as the law stood when it was ’ ’made. But every general rule necessarily implies exceptions, in cases not within its true meaning. It has been admitted, on the argument, that a defendant may so conduct himself as to wave the benefit of the rule.
Since the adoption of the rule, the Legislature have passed “the act regulating arbitrations,” on the 20th March 1810, by which the proceedings may be taken out of Court and carried before arbitrators. We. have frequently decided, that while the' case is before arbitrators, a plaintiff is not bound to file of record any declaration or statement, and the matter was so determined in Brown v. Schaeffer, reported in 6 Binn. 177.
Taking the rule under, consideration to apply to the present case, in its strongest terms, it necessarily follows, that its-operation was suspended by "a legislative act for the period..of one month and eighteen days, viz. from the 24th February 1814'* when-the arbitrators were appointed, until the 11th April following, when they filed their report; during which interval, there was no continuing duty on Mr. M'Call to file his declaration or statement. To impute a default in not filing his declaration of record during this time, would be manifestly unjust, and therefore this month and eighteen days must be deducted in the calculation. With this deduction, twelve months-would not have elapsed from the 1st day *170 óf December Term 1813, when the suit was brought, until" the 26th December 1814, when the nonsuit was entered. The defendant’s counsel has therefore directed this nonsuit prematurely to be entered, and it must be set aside.
BítAckENRiDGE T. concurred.