*11 The opinion of the Court was delivered by
Duncan J.
The determination of causes by referees, under a rule of Court, has been so frequent, and is so useful a practice, that Courts of justice favour them, and do not lend a ready ear to formal objections, when no substantial rule of justice has been violated.
The submission in this case is expressly under the Act of 1705, and is different from the three species of awards in England, which are, First, Arbitration bonds out of Court. Second, Submissions in causes depending in Court. Third, Bonds of arbitration under stat. 9 and 10 W. 3. C. 15. Williams v. Craig, 1 Dall. 313. The reference under the Act of 1705, is where the plaintiff and defendant consent to a rule of Court,-for the adjustment of their controversies by persons mutually chosen by themselves.
The paper filed affords such evidence of consent. It is the entry of an amicable action, designating the parties as plaintiff and defendant, and a submission of all matters in variance between them under the Act of 1705; specially referring to that Act, and stating its provisions as to the binding effect of the award to be made. The docket entry pursues the agreement; it required not the ceremony of-subscribing witnesses.. If the plaintiff had denied the existence of such submission, the Court below should have been moved to strike it off.
The docket entry is the full entry of a submission. The record, we must take as absolute verity. No such objection was made when the report was filed, but the objections in fact were, that the defendant had not notice of last meeting of the referees, and that the cause of action was a partnership account. It is true that the entry does not state what.was the cause of action, but the act does not require it, nor would it have comported with the views of the parties, which were, not the submission of any particular cause of action, but of all matters in variance between them; not of the matters confined to one particular cause of action, but comprehending all the matters in controversy between them; all causes of action.
In cases of compulsory arbitration, no pleadings are necessary; neither declaration, nor statement nor plea. 6 Binn. 177, Brown v. Scheaffer. And in delivering his opinion in that case, the Chief Justice thus expresses himself, “Before the system of arbitration had b'een introduced, it had been decided by this Court, that in cases of voluntary reference, judgment might *12 be'entered on a report of referees without declaration. So in Maryland; judgment on an award on a reference by consent, affirmed on writ of error, though no declaration was hied in the cause. Dorsey v. The State, 3 Harris & Henry, 388. The ru][e here did not stipulate any time'of notice. In such casé, the Court would have set aside the report unless reasonable notice had been given, and the plaintiff in error had excepted that no notice had been given to him of the last meeting of the referees. This was an exception in point of fact, which does not c®me up for the decision of this Court. It must be taken- for granted that he failed in this exception. The plaintiff in error has not made good any of his exceptions to this record, and the judgment is affirmed.
Judgment affirmed.