## WILLIAM LE BARRON *against* JAMES HARRIOTT and JOHN BENNETT.

### IN ERROR.

In an action of debt on bond, conditioned for the performance of the covenants contained in a certain article of agreement therein referred to, to which the defendants pleaded "covenants performed and no breach, &c." *Held:* That an award of arbitrators, finding a sum due by the plaintiff to the defendant is good.

The powers of arbitrators are not less extensive than those of a court and jury.

If a jury can, under any form of pleadings, find a sum in favour of a defendant, arbitrators can do it in the same cause, without regard to the pleadings.

A verdict, finding a sum in favour of a defendant, may be given, in debt, covenant, or any action on contract, where two persons have been dealing together.

ERROR to *Crawford* county.

*James Harriott* and *William McGrady* of the one part, and *William Le Barron* of the other part, entered into an article of agreement, by which the party of the first part were bound to deliver to the party of the second part a certain quantity of timber, at specified prices. The party of the first part, together with *John Bennett* as their security, gave a bond to the plaintiff, in the penalty of $2,000, conditioned for the faithful performance of their contract.

This suit was brought upon that bond.

The defendant craved oyer of the bond and condition, which, together with the article of agreement referred to therein, were set out at length upon the record. They then pleaded " covenants performed ; no breach, &c."

A rule of reference was then entered by the defendants, arbitrators were chosen, who heard the parties, and made a report in favour of the defendant for $300, which became a final judgment, and to reverse which this writ of error was sued out by the plaintiff below.

Error assigned—"That this being an action of debt on bond, conditioned for the performance of a contract, of which the defendants craved oyer, and had the condition set out, and then pleaded "covenants performed, no breach, &c." without pleading payment or set-off, or giving any notice of special matter, the arbitrators could not legally award a sum of money for the defendants."

*J. S. Riddle* and *Banks* for plaintiff in error.

The bond upon which suit was brought contained no stipulation for the payment of money, it was an action brought to recover

(William Le Barron *v.* James Harriott.)

damages from the defendants, for a non-performance of their contract; and no evidence was competent on their part, but that which would have the effect of shewing, that they had performed their covenants, or a good and legal reason why they did not. The defendants pleaded " covenants performed and no breach, &c." which was a notice of a legal or equitable defence; but was not notice that they intended to claim a set-off, and recover money from the plaintiff. Cited: *King* v. *Diehl,* 9 *Serg. & Rawle,* 409. *Calvin* v. *McClure,* 17 *Serg.* & *Rawle,* 385.

*Derrickson* and *Wallace* for defendant in error.

When a cause is referred to arbitrators, under the arbitration law of 1810, it is a tribunal before whom every thing may be tried, which can be tried under any state of pleading, which the action will admit: and this is so, whether there is any pleading on the record or not. " All matters in variance between the parties" are referred; by which it would seem, that the legislature intended to extend the powers and jurisdiction of this tribunal, even beyond that of a court and jury having jurisdiction to try the same cause.

The form of the oath administered to the arbitrators is, that they will try " all matters submitted to them:" not by the pleadings, but by the whole transaction, out of which the cause of action originated. As in this case, the defendants had performed their contract, to an amount beyond the payments of the plaintiff, was it not a matter " in variance between the parties" how much the one party and the other had done, in pursuance of their contract; and which was indebted to the other? Why should the right of the defendants, to recover against the plaintiff, be determined by the pleadings? If the rule to refer be entered by the defendant, as it was in this case, the law requires no pleadings as preliminary to such reference:—the plaintiff need not declare, the defendant need not plead. Here there was no issue. For the purpose of conducting the proceedings before arbitrators, the pleadings are by parol: and the fact of the defendant having obtained an award of $300, is conclusive evidence, that they insisted upon their right so to recover, which is equivalent to a plea. The 6th section of the act of 1705, *Purd. Dig.* 411, authorized amendments in the pleading to be made at any time: and there is no reason that the amendments should not be made before arbitrators, as well as elsewhere.

The argument, that the plaintiff was taken by surprise, not having had notice, by the pleadings of the defendants, or otherwise, of their intention to claim a set-off, and a recovery of money, is not sound ; because if so, it would have been a good cause to postpone the trial; so as to give him an opportunity to meet it.

(William Le Barron *v.* James Harriott.

But there was more than one meeting of the arbitrators in this case. In *Lewis v. Culbertson*, 11 *Serg. & Rawle*, 59, there was no plea of set-off, and the defendants recovered a sum from the plaintiff; there was no fault found with this.

The opinion of the Court was delivered by

HUSTON, J.—I had supposed, the extent of the authority of arbitrators, in a case submitted to them, was pretty plainly expressed in the act of assembly, and long settled by decision.

The power of courts and juries in cases of mutual accounts or bargains, under the act of 1715, was well settled. The act of 20th March, 1810, gave the parties a power of entering their determination to have arbitrators chosen in any civil suit or action, &c. and no lawyer ever seriously thought, and no court have ever decided, that the powers of the arbitrators were less extensive than those of a court and jury. Their powers are, by the 10th sect. of the act of 1810, very extensive; they are judges of law and fact, and equity;—and their report was to have the effect of a judgment *against the party against whom it is made*, and be a lien on his real estate until reversed by appeal. Here it is contemplated that the judgment and lien may be against either party. And in the 12th and 14th sections, regulating the recognizance of bail on appeal, the plaintiff, if he shall not recover a sum greater, or *a judgment as or more favorable, &c.* which last words have always been held to apply to a case in which there has been a report for a sum in favor of the defendant; and on appeal, he has lessened the amount of such finding for defendant.

At first it was not necessary, in order to the determination of a cause before arbitrators, that there should be either declaration, statement, plea, or issue—nor are the arbitrators to keep a record of their proceedings. 6 *Binn.* 177, 333. 1 *Serg. & Rawle*, 19, 435. The act 28th March, 1820, compelled the plaintiff to file a *narr.* before *he* could enter a rule to arbitrate;—but the defendant may arbitrate before *narr.* filed, or plea pleaded. No one who lived at or since 1810 ever supposed it was the intention of the law that the proceedings of the arbitrators could be at all trammelled by the pleadings. Where a *narr.* or statement is filed, they look at it, to see for what cause the suit is brought; but it never was expected or intended that they should judge of sufficiency in point of form of either *narr.* or subsequent pleadings. To their powers, in certain respects, a limit has been established by the Court, to wit: that they shall not give costs, where an express law forbids them, and some such cases.

If the plaintiff in error is right, a proceeding before arbitrators is more trammelled by form than a trial in Court:—for in Court,

(William Le Barron *v.* James Harriott.)

if it becomes necessary, to reach justice, the plea may be changed, or a new one added during the trial; but no such power is given to arbitrators; and it never was expected they would or could exercise it.

I may then safely say, that if, in the case trying, a jury could, under any form of pleadings; find a sum in favor of a defendant, arbitrators can do it in the same cause, without regard to the pleadings. It has not been even pretended, and it cannot be pretended, that a verdict, finding a sum in favor of the defendant, may not be given in debt or covenant, or any action on contract, wherever two person have been dealing together.

I shall refer to one or two decisions bearing directly on the point in dispute. 2 *Serg. & Rawle,* 106—a report had been made against the defendant, who filed two exceptions. The Court say, "the exceptions must be dismissed:—the defendant complains that the arbitrators *erred in point of law,* in rejecting his evidence; but if so, his remedy is not by *filing exceptions,* but by *appeal;* the act of assembly gives the arbitrators the power of deciding on the competency of the evidence, as well as its credibility ; and to determine all questions in the cause, *as well of law as of fact.*"

And again, in 4 *Serg. & Rawle,* 140, the Court say, the act of March, 1810, has introduced a new system, giving to the arbitrators all the necessary powers for hearing and deciding, without the interference and control of the Court. They are constituted the sole judges of the competence of evidence, and of every question of law or fact arising in the cause, &c." and again,—"The appeal seems to be the only remedy immediately contemplated by the legislature." The case then goes on to state, that it must appear that arbitrators were properly chosen, &c. and notice given, before jurisdiction attaches in them, &c., and adds, "But when the jurisdiction of the arbitrators has completely attached, the cause is out of Court, nor can the Court afterwards make inquiry into the proceedings before the arbitrators, &c." This case was fully argued by very able counsel, and I supposed, had settled the law. Again, in 8 *Serg. & Rawle,* 391, the Court say, "If the award was illegal on its face, as is alleged here, the dissatisfied party might appeal to the Court of Common Pleas." The Court of Common Pleas had in that case interfered without appeal, and this Court reversed what it had done, and reinstated the award.

After such an uniform course of decision, acquiesced in for 20 years, and a decision, as we think, in conformity with the letter and spirit of the act, this matter ought to be at rest. Let the dissatisfied party appeal, or acquiesce, without calling on this Court constantly to be revising and repeating the same matter.

Judgment affirmed.