On the following day, the opinion of the Court was delivered by
Tilghman C. J.
In this case, an arbitration was entered at the request of the plaintiff,' under the act of 20th March, 1810, entitled, “ An Act regulating Arbitrations.” The arbitrators made an award in favour of the defendant, which was filed in the office of the prothonotary. The plaintiff en *140 tered an appeal; but not having made the oath required by law, the appeal has been dismissed. The plaintiff now excepts to the award, and moves the Court to set it aside, because, as hé alleges, the'arbitrators examined a material witness on the part of the defendant, he (the plaintiff) being absent, and having no notice of an intention to examine such witness. A question has been made, whether the Court ought to receive any evidence of the proceedings before the arbitrators, except what appears in the record ; and whether for the cause assigned by the plaintiff, we have any right to set aside the award ? In arbitrations under the act of 1705, the Court were in the constant practice of hearing parol evidence, and of setting aside awards where, the arbitrators had conducted themselves improperly, or where they had made plain mistakes in law or fact. Concerning the exercise of this' power, there was no. room for doubt, because the act required that the award should be approved by the Court. But the act of March, 1810, has introduced a new system, giving to the arbitrators all the necessary powers for hearing and deciding, without the interference or controul of the Court. They are constituted the sole judges of the competency and effect of evidence, and of every question of law or fact arising in the cause ; and so far from their award being subject to the approbation of the court, it is to have the effect of a judgment from the time it is entered on the docket of the prothonotary, and to be a lien on the real estate of the party against whom it is made, until reversed on an appeal. The appeal seems to have been the only remedy immediately contemplated by the legislature. Nevertheless, as the award was to have the effect of a judgment, it has been decided that a writ of error would lie on it, in consequence of which it might be reversed for errors appearing on the face of the proceedings. Some things there are, however, which the law requires to be done, before the jurisdiction of the arbitrators attaches, and these things the Court may enquire into. The law prescribes the mode for entering the rule for arbitration and appointing the arbitrators, and certain other things to be done by the arbitrators before they proceed in the cause; these things may be enquired of by the Court in which the action was depending at the time the rule was entered, because, where the jurisdiction is never vested in the arbitrators, the proceedings are void, and the jurisdiction of the Court is not taken away. *141 But when once the jurisdiction of the arbitrators has completely attached, the cause is out of Court, nor can the Court afterwards make enquiry into the proceedings before the arbitrators. When the award is returned and entered, it is considered as a record of the Court, and execution may be sued out upon it. Should it appear on the face of the award, that the arbitrators had exceeded their jurisdiction, c$?*that the award was contrary to law, it would be subjeqt to reversal on a writ of error if the suit was depending in an inferior Court, and if depending in this Court, we might set it aside because no writ of error lies from this Court.- Whether an inferior Court might set an award aside in such- case, is not now the question. But in whatever Court the suit was depending, there is no remedy but by appeal, for matters not appearing on the record which took place in the proceedings before the arbitrators during the time in which the cause was out of Court, viz. from the time when the jurisdiction became vested in' the arbitrators, to the ‘ time when the award was entered in the prothonotary’s docket. It is the opinion of the Court, therefore, that it is improper to hear the evidence offered by the plaintiff, because, if the fact were proved, it would not be relevant. The rule to shew cause why the award should not be set aside, must be discharged.
Rule discharged.