The opinion of the Court was delivered by
Duncan J.
There are four errors specified as grounds for the reversal of this judgment:
1. That there is no declaration. '
2. That the judgment is for a greater amount than the plaintiffs below demanded.
3. That issue is not joined on all the pleas of the defendant below, .the plaintiff in error.
4. That there is error in taking the verdict in debt, when it ought to have been in damages for the sum beyond 1525 dollars.
The judgment entered by the Prothonotary, pursues the directions of the Act of Assembly, enabling prothonotaries to enter judgments on judgment bonds, without the inter *265 vention of an attorney. It states it to be on a bond of a certain date, in a certain penalty, conditioned for the payment of 1525 dollars, on the 6th of February, 1816, with interest " ** ‘ . , and costs. When the defendant was let into a defence, it was unnecessary to file either a declaration or statement; the entering of judgment by the Prothonotary being substituted for a declaration and confession of judgment by attorney, by virtue of a warrant of attorney. The issue was to ascertain, whether any thing, and, if any thing, what, was due on the judgment. The entry was as precise as any declaration or statement. A further declaration or statement would be unnecessary, and is a mere surplusage. This enabled the defendant to put in any plea adapted to his defence, whether non est factum, or avoidance of the bond, by showing it to be founded on an illegal act, a failure of the consideration, or payment.
The statement on which the second error is alleged, if it Is not surplusage, is not to be scanned with the minuteness of a special pleader, in examining a declaration. Such critical examination would defeat the intention of the Legislature, — which was, to render proceedings in Courts of Justice so plain and easy, that every man would be able to conduct his own suit. All the law requires, is such a statement as would give information of the nature of the claim, and enable a defendant to plead a judgment on it, in bar of any other action. Now this statement does give such notice; and contains as much certainty as any, declaration would. Whether this mode of conducting judicial business is an improvement,' an ease to the people, whether it is less expensive,' — enables them to conduct their suits without the employment of professional men, or otherwise, — different speculations will be indulged, and different opinions formed. One thing is pretty certain, that few choose to confide in their own abilities to commence or defend a suit; and one other thing is very certain, that it is a fruitful source of writs of error and delay. But with these speculations we have no concern : it is our duty to give effect to the declared will of the Legislature. There is no doubt, but that treating a statement as a declaration, the omission to repeat what had been before stated, “ with lawful interest,” is a defect, *266 which a verdict would cure. It is not a defective title, though it may be a title defectively stated.
The third error, — the not joining issue on all the pleas of the defendant. Where a cause has been tried, as if all the issues had been formally joined, and where under the plea of payment with leave, the defendant would have every benefit of all his pleas ; and where it could make no difference, whether he was permitted to introduce his evidence on one plea or another, such an objection has no intrinsic merit to recommend it; and such is this case ; for, under the issue formally joined, he would have been allowed to give in evidence, that the contract was on an illegal subject, — a matter prohibited by positive law. It is usual, under the plea of payment, with leave, &c., in debt on bond, to give in evidence, the illegality of the consideration. In Mitchell v. Smith, 1 Binn. 110, which was debt on a sealed instrument, on this plea, the defendant gave in evidence, that the bond was given for land sold by the Susquehanna Company under a Connecticut title ; a contract prohibited under a penalty. Now the plea of “The Lottery Act,” (if plea it can be called, which plea is none,) if it had been struck out of the record, could not have injured the defendant, and this consideration is not without its weight; and had great weight with the Court, on a similar objection to the want of joinder in issue, in Riddle and others v. Stevens, 2 Serg. & Rawle, 544. If it was not put in as a regular plea, but a counter statement, it required no issue, as was decided in that case. Though this reason might not be conclusive, yet it is a strong auxiliary argument, where there are other grounds. But if it be such plea, stated such matter, as required a replication, and this was not done, and no issue was joined, it is error ; and it is error, because the Clerk, in making up the record, has omitted one letter, — the letter S, — issue, instead of, issues. But surely on such an error as that, the party objecting such omission, should stand very strait himself. However loose our practice may be, however informally pleas are entered, whatever brevity is allowed, — the practice has not arrived at such a state of deformity, as to allow this to stand for a plea. Courts of Justice, for the purpose of destroying judicial proceedings, will not examine them with eagles’ eyes; but it is requiring too much from a Court of Justice, not for the *267 purposes of justice, but merely to turn a party round, or send him back to a trial, when the cause has been already tried, to open their eyes wide on the specks and blemishes of one party, and not only to wink, but to close them on the infirmities and deformities of-the party who desire them so to act. For of all possible things, the pretended plea of «The Lottery Act,” is the most insensible. It is not even the Act prohibiting lotteries, for though there is one Act prohibiting lotteries, there is another legalising the Union Canal Lottery. But if there could be no legal lottery, would “ The Lottery, Act” be a defence for every action or contract ? As much so would the plea of the Fornication Act, or any act forbidding any thing, be an answer and defence to every thing. This plea was a mere nullity ; it stated nothing; it did not plead that the bond was given on a lottery transaction, forbidden by the Lottery Act; for on that there could be a replication, and an issue, «that it was- not given on such transaction ;” it was not a short minute of a plea, to which a form might have been given ; it contained no matter or substance, capable of form ; it was not an informal plea ; it was nothing; and ex nihilo nihil jit.
The fourth and last error. This exception is taken under a mistake of the law. Ihe verdict was taken in the only way it could be taken. If the sum found by the verdict, does not exceed the sum in numero, demanded in the writ in debt, it must be taken all in debt; but where the debt and interest, the damages, exceed this sum, then in debt for the whole sum, and in damages for the sum ultra. Here the legal debt was the penalty, 3050 dollars. The verdict did not amount to that sum, and was properly taken in debt.
The plaintiff in error has failed in supporting any of his exceptions ; and the judgment must be affirmed.
Judgment affirmed.