The opinion of the court was delivered by
Gibson, J.
The question at the trial was, whether a confession of judgment de bonis entered in an amicable action against executors, is an admission of assets and conclusive in an action of debt on the judgment suggesting a devastavit; and the court was of opinion that it was not. By the English common law a judgment in this form is conclusive in all cases : but in this state it is certain that such judgments have been confessed from time immemorial \yhere the object was to subject the assets to execution without subjecting the executor to personal liability, except for an actual devastavit by evidence aliunde. We have carefully inquired’into the practice on this subject, and find it in the way I have just stated to be universal. However inconsistent with technical accuracy the use of the words in this sense may seem, there is no doubt that the parties intend by it to express their meaning to be that the assets alone shall be affected, and that to affect the executor an actual devastavit shall be proved by other evidence. According to our practice, judgment is signed by writing that word in the docket to serve as a memorandum for making up the record in form, which however is seldom if ever done: but if it were done, a general judgment against an executor not by confession, would be de bonis testatoris, or intestati, (as the case might be) according to the, form of the common law; and the suffering of such a judgment would be a conclusive admission of assets. But the nature of a judgment entered by agreement must be determined by the terms of the agreement; and by adding to the usual short entry words which are obviously designed to be, explanatory of what would otherwise be clear enough as a general judgment, the parties indicate that they did mean something else; which of course can be nothing but a special judgment operating on the assets without fixing the executor with personal liability. By any other construction the words *348 “ de bonis” would be rendered inoperative, for technically speak" ing they are included in a judgment signed generally, and where they are suporadded it must be intended that they were designed as a qualification: and if so, the nature and extent of such qualification cannot be misunderstood. How these words came to be used in a sense directly the reverse of their technical effect it is unnecessary to conjecture. It was probably because the usual short entry to which the profession were accustomed did not present to the mind’s eye the full extent of its legal effect; and therefore the additional words might readily be mistaken for sotoething not included in a judgment rendered generally. However this may be, their meaning in practice is so clearly established by the testimony of the profession in all parts of the state, that to assign to them a different meaning now would produce very disastrous consequences to the community. We are therefore of opinion, that the confession of a judgment in this form is not conclusive proof of the existence of assets; but that the fact must be proved by the plaintiff and by evidence independent of the judgdment.
Judgment affirmed.