[CHAMBERSBURG, OCTOBER, 1828.]

## SHEETS *against* RUDEBAUGH.

### IN ERROR.

Practice as to writs of error on awards of referees changed. Hereafter the court in which the cause is pending is to be resorted to for redress, in those cases in which heretofore writs of error were sustained to examine awards and proceedings of referees.

WRIT of error to a judgment rendered on a report of arbitrators in a cause in the Court of Common Pleas of *Bradford* county.

*Russell,* for the plaintiff in error.
*Penrose, contra.*

The opinion of the court was delivered by

HUSTON, J.—The errors assigned were errors in fact, and that principally relied on, was, that *Sheets* had no notice to appear, and did not appear before the arbitrators: that, in fact, he was in the state of *Ohio* when they sat and decided the cause, and this was offered to be proved in this court.

The report, however, in the body of it stated, that the arbitrators heard the parties, their proofs and allegations; and it has been more than once decided, that what appears in the report cannot be contradicted in this court by affidavit: the judgment then must be affirmed.

Many cases have, however, occurred in this court, which have induced the court to reconsider the decisions as to the practice under this law; and, on mature and frequent reflection, we have come to

(Sheets *v.* Rudebaugh.)

the conclusion, that in the cases in which writs of error have been taken to reconsider, and, if wrong, reverse reports of arbitrators, under the compulsory arbitration act, the court in which the cause was pending, and to which the report was made, is the proper tribunal to obtain redress. When appeal is the proper remedy, the party must appeal; but, in those cases where writ of error has been resorted to, the application hereafter is to be to the Court of Common Pleas. In an early case, *White* v. *Thompson,* 4 *Serg. & Rawle,* 140, it is said, "There are certain things, which the law requires to be done before the jurisdiction of the arbitrators attaches; and these things the court may inquire into. The law prescribes the mode for entering the rule for arbitration, (service of this rule,) and appointing the arbitrators, (and notifying arbitrators and party of time and place of meeting,) and certain other things to be done by the arbitrators before they proceed in the cause. These things may be inquired of by the court in which the cause was pending at the time the rule was entered; because where the *jurisdiction never vested in the arbitrators, the proceedings are void,* and the jurisdiction of the court is not taken away. But when once the jurisdiction of the arbitrators has completely attached, *the cause is out of court,* nor can the court afterwards make inquiry into the proceedings before arbitrators. When the award is returned and entered, it is considered as *a record of the court, and execution may be sued upon it.* Should it appear that the arbitrators had exceeded their jurisdiction, or that the award was contrary to law, (or insensible, or impossible to be carried into effect,) *it would be subject to reversal on a writ of error if the suit was pending in an inferior court;* and if pending in this court, (which it can only be in *Philadelphia,*) we might set it aside, because no writ of error lies to this court. *Whether an inferior court might set an award aside in such case, is not the question.*" This court had before determined, that a writ of error lay directly to the award of arbitrators; and in most counties, the Courts of Common Pleas have refused all interference, even in the most flagrant cases: Our reports show writs of error to reverse reports of arbitrators, because unmeaning; because they could not be carried into effect by executions; because money was awarded in an ejectment; because costs had been given, contrary to the express provision of the act of assembly; and, because notice did not appear to have been served on the party, or on all the parties, of the meeting of the arbitrators; and, because the rule appeared to be entered only by one of several plaintiffs or defendants, and many other cases. In a proceeding so novel as that under our compulsory arbitration law, it was right in the legislature not to be very minute in *every* detail of the proceedings; for no law could provide for every possible combination of circumstances which might and would occur, in carrying such an act into effect: it was left to the court to regulate such of the details as were not mentioned in

(Sheets *v.* Rudebaugh.)

the law.    It was not to be expected that the court would, on the first occasion, foresee every possible case, or give those decisions as to practice, which would be found most convenient.  The forms of practice in all our law proceedings are the result of reflection, on experiments made.  The doubt above expressed—whether the court in which the cause was pending, and to which the report was made, could, in any case, set aside the report—left the matter open.  The result of reflection and experience, seems to favour the opinion, that in all cases where this court could set it aside wholly as void, or in part, as for costs given contrary to express law, the same power may be exercised by the court in which the cause was pending.   This will save time and expense to the parties; and in many cases, tend to reach the justice of the case.   Affidavits can then be produced to satisfy the court, whether notice was really served on a party who did not appear before arbitrators, a matter which sometimes does not appear on the face of the arbitrators' proceedings.

, Where one of several defendants, or plaintiffs, enters a rule of reference, it can then be ascertained, whether he was not authorized to enter such rule, or to appear and choose arbitrators; or to appear before them as the agent of his co-defendants or co-plaintiffs.  In short, we believe it will, in almost every case, conduce to the better, as well as more convenient administration of justice, that every court, whose process is used to carry an award into effect, should exercise all the powers over that award, which this court has exercised, or can exercise.   Our reports will show the extent of authority heretofore used.   If new cases occur, they must be decided as they occur, and not anticipated.