# Graff *against* Graybill.

A statement in an action of *assumpsit,* which is defective for want of the date when the assumption was made, is cured by a verdict; so also where the consideration for the assumption is not stated.

In an action of *assumpsit,* where the writ demanded a sum not exceeding 600 dollars, a verdict and judgment for 1300 dollars, made up of a principal less than 600 dollars and interest, is good.

Upon a statement in an action of *assumpsit,* claiming 800 dollars, the plaintiff may recover 1300 dollars, if the excess above the 800 dollars be made up of interest.

ERROR to the district court of *Lancaster* county.

All the facts of this case are fully stated in the opinion of the Court, which was delivered by

HUSTON, J.—This suit was brought in 1816 by *Jacob Graybill* to recover a sum of money. The statement of the plaintiff's claim, filed under our act of assembly, was as follows:

" This suit is brought to recover the balance due on a bond given by *Conrad Crim* and *John Speekler*, for the payment of 800 dollars to *Randal M'Clure* on the 1st of April 1815, and transferred to the plaintiff on the 12th of August 1814, which defendant promised to pay, as part of the purchase money of the house and lot of *Conrad Crim*, purchased by the defendant from *Crim*, and of which he has paid on account of the plaintiff, in the Lancaster Reading Company, 320 dollars."

[Graff v. Graybill.]

We have not the evidence given to the jury, and can only conjecture what any part of it was from the expressions used by the judge in his charge to them.　He says, ": the plaintiff has not filed a declaration, but a statement under the act of assembly.　The defendant does not demur to the statement, but desires the court to give you their opinion whether it contains a sufficient cause of action.　The court give it to you as their opinion, that it does contain a cause of action on which you may find a verdict, if, on consideration of the facts in the case, you think there is a balance due to the plaintiff. If the statement be not formal, or according to the provisions of the act of assembly, the defendant can take advantage of the defect, on a motion in arrest of judgment, or on a writ of error, which is the proper mode of taking advantage of such defects.

" If you are of opinion the defendant did promise to pay the plaintiff the amount of the bond in question, or the balance due thereon, in part of the purchase money of the house and lot he had purchased of *Conrad Crim,* and that he had got credit with *Conrad Crim* for the amount of the bond, in settling the purchase money of the house and lot with him, he could not afterwards discharge himself from his promise to pay *Graybill,* by paying to *Conrad Crim* the money which he had promised to pay *Graybill,* unless *Graybill* had released him in the meantime, or given him authority to pay the money to *Conrad Crim.*　Of this you will judge."

The jury found for the plaintiff 480 dollars, and interest till the time of verdict rendered 868 dollars 87 cents; in all 1348 dollars 87 cents.

There was no motion for a new trial; nor is there here any allegation of error in the charge, as it relates to the merits of the cause, on the facts; but reasons in arrest of judgment were filed and overruled, two of which are the same assigned here as errors.　The third error assigned was not, so far as we. see or hear, mentioned in. the court below.

Errors assigned.　1. The statement filed in this cause does not state the date of the assumption, nor the amount which the plaintiff claims to be justly due from the defendant, according to the provisions of the fifth section of the act of the 21st of March 1806.

2. There is no consideration mentioned in the statement filed for the promise of the defendant, neither of benefit to the defendant, nor of trouble or prejudice to the plaintiff.

3. The verdict and judgment are erroneous, inasmuch as both are rendered for plaintiff for 868 dollars; and the summons is in debt on parol contract not exceeding 600 dollars.

The fifth section of the act of 1806 is in these words: " it shall be the duty of the plaintiff, by himself, his agent or attorney, to file in the office of the prothonotary a statement of his or their demand, particularly specifying the date of the promise, book account, note, bond, penal or single bill, or any or all of them on which the demand is founded; and the whole amount of what he, she or they believe is justly due to him, her or them, from the defendant."

[Graff v. Graybill.]

It has been said this act was drawn in a spirit hostile to the profession of lawyers, and intended to enable every man to conduct his own business in court. If so, it has failed in both respects; it has not lessened the emoluments of the profession, and few men ever attempt to conduct a suit in court. The arbitration clauses and the above were perhaps intended to enable men to recover a plain debt, without the interference of lawyers.

The framers of the law had, however, other objects in view. To a common mind, a sum of money secured by a note, or due for goods sold or work performed, &c. &c., was a debt, as much as one evidenced by a note to which the maker had added a seal with ink at the end of his name; and it was intended to abolish the distinction. The counts in *assumpsit* for money had and received, for money paid, laid out and expended, for money lent and advanced, for goods sold, and for work done, &c., which all stated some day (but immaterial what day), and a sum of money as due in which there was no regard to the actual amount claimed, though well enough calculated to do justice generally, were nevertheless a great aberration from the rules of pleading, which required the narrator to state the claim, so that the defendant might know what he was to answer, and that the record of one suit might be evidence to protect the defendant from another suit for the same cause. In short, it amounted very often, in point of fact, to trying a cause without any notice of the demand. It was, however, alike in this, that the plea of *non assumpsit* often gave as little notice of the defence. It was intended that the statement, substituted for this string of counts, should inform the defendant whether the demand was a promise express or implied, a book account, a note or a specialty, or how many of them, the date and amount of each. And if the act, instead of being abused by the profession, and harshly spoken of by the courts, had met with other treatment, and attempts had been made to give it effect fairly, it would, in some respects, have been an improvement of the law, and is clearly so considered in some districts of the state, where the lawyers and the judges have endeavoured to construe it and practise under it in such way as all laws regulating practice ought to be construed and practised on. The act requires a counter statement of his defence by the defendant. This has every where been disregarded, so far as I know, except in our district; and yet nothing has a greater tendency to fairness and expedition in the trial of causes. When fairly acted on, it often leaves little to be decided by the court and jury.

All lawyers practise under this law; that is, they file statements, and too often so badly drawn that their clients could have done it as well. And statements are too often filed in cases not within the law. It has been said there is no demurrer to a statement, but this is not true, at least where a statement is filed in a case requiring a declaration; nor generally true, though perhaps the law, as was the practice before, permits an amendment after decision on a demurrer.

[Graff v. Graybill.]

This court has endeavoured to give the law a fair construction. The same nicety and precision in averments requisite in a formal declaration, have been declared not necessary in a statement; but whatever was necessary as proof, to enable a plaintiff to recover on a declaration, is also necessary to be proved on a statement, and it appears the proof was given here. 6 *Serg. & Rawle* 54; 8 *Serg. & Rawle* 263; 6 *Serg. & Rawle* 26.

The sixth section of the same act directs that no plaintiff shall be nonsuited for any informality in any statement or declaration filed, &c.; but when, in the opinion of the court, such informality will affect the merits of the cause in controversy, the plaintiff shall be admitted to amend his declaration or statement, and the defendant to alter his plea or defence, on or before the trial of the cause; and if by such attestation or amendment, the adverse party is taken by surprise, the cause shall be continued till the next court.

It has been said that this act does not vary the law on the subject of amendments, nor enlarge it; and this I agree to, with the exception that it allows amendments during the trial. Certainly, however, it leaves all the statutes of amendment in full force; they are reported to be in force by the judges of this court, to whom the matter was referred, and it has never been alleged they do not apply to causes tried on statement, as well as those tried on declaration.

The first error assigned is, that the statement does not give the date of the assumption, nor amount of the plaintiff's claim. A date was as necessary in a declaration as in a statement, but a wrong date, or no date, is expressly cured after verdict by those statutes; and so of the sum demanded: so completely so, that any date, and any sum, provided the first was before suit, and the last large enough, was good: nay, in the action of *assumpsit*, the date and sum were laid without any regard to what the proof would be; and this, which sometimes misled the defendant, was a reason for passing our act. It is not necessary, in laying a parol promise in a statement, to lay the very day which the witnesses will mention; nor, where a day is laid, is it necessary that the witness will be able to specify any. If in this case the promise had been laid on the 10th of August 1815, it would be sufficient, if proved to have been in that year, and in August, or even if the witness could not have been positive whether in July or August or September. It is often possible to prove a contract most clearly as to its terms, and yet the witness or witnesses may not be able to fix its precise date; and it never could be right so to construe an act made to facilitate the administration of justice, as to render it impossible, in half the cases in court, to proceed at all.

After verdict then, the omission of the date and sum would be cured: but the material date, viz. when he was to pay, was given— it is stated to be the 14th of April 1815; so is the sum, 800 dollars, of which the defendant is stated to have paid 320 dollars; and although the balance is not struck, that is so apparent, as that the omission to do it can not be seriously thought any defect. The de-

[Graff v. Graybill.]

fendant was bound to show when the payment was made; it was his defence; and if nothing more appeared, it must be taken to have been paid on the 14th of April 1815, when the whole was due.

It is said no consideration is laid. The word consideration is not in the statement, but it is impossible to misunderstand the claim. *Crim* owed the plaintiff 800 dollars; *Crim* sold to the defendant a house and lot; and the defendant, instead of paying *Crim* for the house and lot, agreed to pay the plaintiff the 800 dollars which *Crim* owed him. The defendant got the house and lot for this money. All the averments in a declaration are not necessary in a statement. It is not stated that *Crim* agreed to this arrangement; but we believe that it was proved, not only that he agreed to it, but that on the defendant's promising to pay the plaintiff, *Crim* settled with him, and gave him credit for 800 dollars of the purchase money.

There is one other matter assigned for error. The summons was in debt not exceeding 600 dollars, and the verdict and judgment are for 868 dollars 87 cents. In a declaration, the debt would be laid to be 480 dollars and interest, and damages for the detention. In the statement the demand is for 480 dollars, payable on the 14th of April 1815, and in this state interest is always given on money due and detained. This suit was brought in 1816. There is no end to a suit in this county. The whole demand was under 600 dollars when the writ issued; procrastination has occasioned the interest to exceed that sum, and there is nothing wrong in this particular.

I do not say a plaintiff can recover a larger sum than he claims in his writ and statement. I only say he can recover that sum, and interest till the trial, if the jury find so much due to him. This was expressly decided. 8 *Serg. & Rawle* 263. The statement claimed 1525 dollars, due on the 6th of February 1816, and verdict for that sum and interest, and held good in error. The act directs that the statement shall specify the sum which the plaintiff believes is due at that time. If interest can be allowed, it must be in addition to this sum. Whether the plaintiff can in any case recover as principal more than is in the statement, is another question.

There is one other matter I will mention. After all the evidence was heard without objection, the defendant asked the court to tell the jury, that the statement did not contain a sufficient cause of action; which seems to amount to a kind of demurrer *on terms*, to be decided by the court and jury. The defendant ought to have demurred, or objected to the evidence; but as the law compelled the court to permit an amendment, this is never done; and if not done, we must take it, all objections to the statement are waived. After the evidence is closed a defendant may demur to it, or in the olden time might have asked the court to say whether the plaintiff's evidence supported his narration, and moved for a nonsuit: which it is decided in this state the court can not direct against the consent of the plaintiff. But until lately, the application to the court to direct the jury as to the sufficiency of narration or statement was never heard of, and

[Graff v. Graybill.]

never ought to be heard of again. The jury have nothing to do with demurrers, oral or written, and the court ought to refuse to give them any directions on this subject. Some time or other, and I wish very soon, it will be known in this state that this court will not reverse for matters expressly cured by the statutes of jeofails; nor because our practice is already loose, make it more so by referring the decision on forms to the jury.

Judgment affirmed.