# Biggs *against* Funk.

In filing a statement of a plaintiff's cause of action, it is improper to add interest upon the several items of the demand and then claim interest upon the aggregate.

A judgment upon an award, which exceeds the claim of the plaintiff as set out in his statement, is erroneous, and if the surplus be not released either in the court below or this court, the judgment will be reversed.

In an action of *assumpsit* in which the plaintiff filed a statement of his claim, composed of different items, the cause was referred to arbitrators who awarded for the plaintiff 366 dollars and 81 cents, being the amount of 100 dollars entered on the article, and all other accounts of C. F. omitting the bill No. 1. The defendant to be released from the payment of the aforesaid sum, on his fulfilling the article of agreement between him and C. F. in one year from this date : Held, to be erroneous.

ERROR to the common pleas of *Westmoreland* county.

This was an action on the case in *assumpsit*, by the executors of Charles Funk against Andrew Biggs, in which the plaintiffs filed the following statement.

Plaintiffs state their demand against the defendant to be founded on the following charges and liabilities, viz:

Book account, dated December 5th, 1821, for sawing timber,   -   -   -   -   -   -   $5 00
Interest on same till May 1st, 1835, twelve years, ten months, and twenty-six days,   -   -   -   3 97

[Biggs v. Funk.]

| | | |
|---|---|---|
| A single bill drawn by defendant in favour of the said Christian Funk, deceased, calling for 16 dollars and 5 cents, dated June 12th, 1821, payable nine months after date, - - - - - - | 16 | 05 |
| Interest, thirteen years, four months, and nineteen days, | 12 | 89 |
| A due bill drawn by the defendant in favour of Henry Funk, for 40 dollars and 81 cents, dated October 30th, 1826, assigned to plaintiffs May 1st, 1835, - - | 40 | 81 |
| Interest, eight years, six months, and one day, | 29 | 58 |
| A due bill drawn by the defendant in favour of Henry Funk, dated April 9th, 1827, and assigned to plaintiffs May 1st, 1835, - - - - | 26 | 86 |
| Interest, eight years and twenty-two days, - - | 13 | 00 |
| Book account, sawing timber, dated April 18th, 1827, - | 4 | 40¾ |
| Interest, seven years, seven months, and twelve days, - | 1 | 97 |
| Book account, for sawing done, in 1827, 1828, and 1829, amount settled, January 14th, 1835, - - | 29 | 11 |
| Book account, for sawing done, in 1830, - - | 19 | 56 |
| Interest, four years, and six months, - - - | 5 | 26 |
| | $ 203 | 88¾ |

" And the said plaintiffs aver, that they believe there was justly due to them by the said defendant, on the 1st day of May 1835, the sum of 203 dollars and 88¾ cents, including interest, as above stated up till the 1st day of May 1835; which said sum the said defendant, then, at the county aforesaid, promised to pay to the said plaintiffs when requested. Nevertheless, although often requested, he has neglected and refused to pay said sum of money, or any part thereof, to the said plaintiffs. Therefore, they say they have sustained damage to the amount of 300 dollars, &c., bring this suit."

At the instance of the plaintiffs, the cause was referred to arbitrators, who made the following award.

" We do award and find for the plaintiffs 366 dollars and 80 cents, it being the amount of 100 dollars, entered on the article, and all other accounts of C. Funk, omitting bill marked No. 1. The defendant to be released from the payment of the above sum on his fufilling the article of agreement made between him and Christian Funk, deceased, dated September 10th, 1812, in one year from this date."

Errors assigned.

1. The statement sets forth a cause of action that had not accrued to plaintiffs at the commencement of their suit.

2. The plaintiffs sued in their own name on a simple contract debt due to Henry Funk, assigned to plaintiff after the commencement of their suit.

3. The plaintiffs claim in their statement, 300 dollars damages,

[Biggs v. Funk.]

and the award and judgment is for the plaintiffs for 366 dollars and 80 cents.

4. The fifth section of the act of assembly of the 21st March 1806, under which the plaintiffs' statement was filed, does not embrace actions founded on technical covenants; nor could the arbitrators lawfully take cognizance of any contract or agreement between the parties, other than those for the payment of money, and particularly specified in the plaintiffs' statement filed pursuant to the act.

5. The judgment is void for uncertainty.

*Beaver*, for plaintiff in error.
*Armstrong* and *Coulter*, contra.

The opinion of the Court was delivered by

 Huston, J.—Before adverting to the other matters in this cause, the statement calls for a passing remark. The plaintiff states the different items of his claim, and the date of each; he ought to have said an interest on each; instead of which, he calculates the interest on each demand to the date of the statement, and adds the whole; and avers so much is due at the date of the statement. Now, of this amount, nearly one-half is composed of interest: and, evidently, in the court below, and here too, his idea was that the arbitrators or jury would take the aggregate sum and calculate interest on it till the time of their report or verdict, and thus give interest on interest. Whatever may be said of the policy of the law, at present this is not allowed before the judgment. The jury, if they find for the plaintiff, ought to take the principal sum of claims, and calculate interest on it till the time of their finding, and not calculate interest on interest.

The first two errors assigned do not appear to be founded on a statement of facts which will support them; the writ issued on the 1st of May 1835; the præcipe is dated on the 30th of April 1835; when it was put into the office does not appear. One item in the statement is a note assigned to the plaintiff below on the 1st of May 1835. In 1 *Watts* 23, it is said, " the *filing* of the *præcipe* may be a good suing out of the writ, to avoid the statute of limitations, but nothing short of its actual exit ought to defeat a meritorious action by an objection so sharp and technical.

The third error assigned is to the amount of damages found exceeding the amount claimed in the statement. The case in 1 *Watts* 428 will not support this report; for 366 dollars 80 cents is more than 203 dollars 88 cents with interest till the finding; and, I have said before, the arbitrators could not lawfully calculate interest on that sum from the date of the statement. The plaintiff has not asked to release the surplus in the court below, or in this court. This error is sustained.

[Biggs v. Funk.]

The award of the arbitrators is in these words: " We do award and find for the plaintiff 366 dollars 81 cents, being the amount of 100 dollars *interest on the article,* and all other accounts of C. Funks, omitting the bill No. 1.   The defendant to be released from the payment of the aforesaid sum, *on his fulfilling the article of agreement* between him and Christian Funk, deceased, dated the 10th of September 1812, in one year from this date." To this award the fourth assignment of error-applies; and we are of opinion it cannot be supported.   It refers to and decides something relative to an article of agreement, not embraced in the plaintiff's statement, and which, perhaps, could not have been embraced in it; and the matter is not helped by the allegation, that another suit was pending on the article, and, to save time and expense, the arbitrators settled all in their report.   The law will not permit this, however well it may have been intended.

The items in the plaintiff's statement are not designated by No. 1, 2, 3, &c.; and who can tell what is meant by " omitting the bill No. 1?"   And lastly, we do not know what was the subject matter of the article of agreement between Biggs and Christian Funk; and we have been told there is a suit pending to decide whether Biggs has or has not fulfilled it.

It has, however, been alleged that this court ought not to take cognizance of the matter; but that the application ought to have been made to the court of common pleas of Westmoreland county; and Sheetz *v.* Rudbough, in 2 *Rawle* 149, has been cited; and certainly, on the principles laid down in that case, such course would have been correct.   But it was stated, and not contradicted, that such application had been made to that court, and that it had refused to interfere.   Regularly this ought to have appeared on the record. But neither party applied to have the case remitted to that court for its decision on the points made here.   Sometimes the application to set aside a report depends on matters of fact, as whether the notices were regularly *served;* whether one of several partners who entered the rule to arbitrate was authorised to act for the others; and in all such cases, where witnesses are to be examined or affidavits filed, the redress must be sought in that court where alone facts can be ascertained; but where the errors suggested are in the award itself, and to be decided on the face of the award, this court can decide; and, perhaps, would be called on to decide after an opinion given on the court below.   And as the case has been argued, *and no application to remit the cause,* we have thought it best to give a decision.

The award must be set aside; because it embraces and decides on what was not in the cause; and, perhaps, decides on this and another suit; because it is uncertain, and because it is not final; but its effect is to depend on a matter, perhaps, of no small difficulty.   To which add, that it is for a sum larger than claimed by

v.—3 l

the statement; and no application to give permission to remit the surplus.

Award and judgment on it set aside, and record remitted.

Judgment reversed.