IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

WESTERN DISTRICT—PITTSBURG 1869.

### Finch *versus* Lamberton.

1. As a general rule in joint actions, taking a final judgment by the plaintiff himself against one defendant bars further proceedings in the same suit against the other.

2. When judgment is rendered by default against one and the prothonotary liquidates the sum without waiting for an assessment against the other, this being the act of the officer is amendable in the court below by striking out the liquidation or by treating it in the Supreme Court as amended.

3. Two judgments in the same case will be treated as one on a scire facias or execution under the Act of August 21st 1842 (Judgments).

4. Every presumption is to be made in favor of an award, unless flagrant error appears in the record.

5. The service of the rule containing the names of the arbitrators must be made on the party himself if he reside in the county.

October 18th 1869. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Venango county:* Of October and November Term 1868, No. 1.

On the 20th November 1868 Robert Lamberton commenced an action of assumpsit against Thomas Finch and Joseph W. Gurnsey: the writ was served on both defendants. An appearance was entered for Finch only, who filed an affidavit of defence. On the 18th of December the attorney for the plaintiff took judgment against Guernsey for want of an affidavit of defence: "Amount to be liquidated by the prothonotary; same day the prothonotary liquidated the damages at $3611.68."

(370)

[Finch v. Lamberton.]

On the 27th of December the plaintiff entered a rule of reference, arbitrators to be chosen January 15th 1866.

On the 30th of December 1865, the plaintiff moved for judgment against Finch for want of a sufficient affidavit of defence; on this motion a rule to show cause was granted.

The record of the Court of Common Pleas shows the following entries:—

"And now, to wit, January 15th 1866, plaintiff by his attorneys appears, and C. E. Lytle, pro., for defendant, and choose Espy Connelly, Wm. M. Epley and Wm. H. James, arbitrators, to meet at the court-house, in borough of Franklin, on the 24th day of January, inst., at 10 o'clock, A. M.

"And now, January 29th 1866, two of the arbitrators met, and on proof, due notice to attorney and acceptance of service by him of the notice, the said arbitrators, to wit, Espy Connelly and W. H. James, continued the arbitration to February 2d 1866, at 10 o'clock, A. M.

"February 2d 1866, two of the arbitrators above named, to wit, Wm. M. Epley and W. H. James, having met in pursuance to adjournment, Espy Connelly, the other arbitrator, being absent, the said two arbitrators choose James Duncan in his stead. The said arbitrators being then duly sworn, according to law, and after hearing the proofs and allegations, do award for plaintiff three thousand six hundred and thirty-five dollars and thirty-four cents and costs ($3635.34)—Interest February 2d 1866. Entered February 5th 1866."

An execution was issued on the 18th of April 1866, against Finch and Guernsey, and a levy made. On the 11th of April 1867, on motion of Finch's attorney, a rule was granted to show cause why the award of arbitrators should not be set aside. Depositions were taken on this rule, and after argument, it was discharged on the 3d of June 1867. On the 1st of June 1868, Finch took out a writ of error.

He assigned the following errors:—

1. The action being joint against Finch and Guernsey, a rule of reference could not be taken as to one of the defendants.

2. The plaintiff having taken a rule to show cause, on December 30th 1865, why judgment should not be rendered against the defendant Finch, the choosing of arbitrators, on the 15th of January 1866, during the pendency of this rule, was irregular and void.

3. As the defendant did not appear at the choosing of the arbitrators, the record should show that proof of service of the rule to choose was made on him, and the proof of service should follow the statute.

4. The record does not show that the prothonotary fixed the number of the arbitrators, and the time and place of meeting.

[Finch *v.* Lamberton.]

5. The record does show that the prothonotary and the plaintiff fixed the time and place of meeting.

· 6. At the meeting of January 29th 1866, the record says, on proof of due notice to attorney, and acceptance of service by him. This is not sufficient.

7. At the meeting of January 29th 1866, the arbitrators had no power to hear or adjourn the case, without proof that due notice of the time and place of meeting was given to the absent arbitrator, and the record should show that such proof was made.

8. At the meeting of February 2d 1866, the arbitrators present had no power to choose James Duncan as an arbitrator without proof of service of notice on Espy Connelly, the absent arbitrator, and the record should affirmatively show the proof of service.

9. The defendant not having been present at the first meeting, it was error to hear and determine the case at the second meeting without proof that defendant had notice of the adjournment.

· 10. The court erred in discharging the rule to show cause why the award should not be set aside.

*A. Blakeley,* for plaintiff in error.—As to the 1st error cited Beltzhoover *v.* Com., 1 Watts 126. As to 2d error, Bayard *v.* Hawk, 3 Penna. R. 174. As to 3d, 6th, 7th & 8th errors, Act of June 16th 1836, sects. 14, 16,. 17, 18, Pamph.. L. 719, Purd. 54, 55, pl. 21, 23, 24, 25; Kirk *v.* Eaton, 10 S. & R. 106. As to 9th error Frey *v.* Vanlear, 1 S. & R. 435. ·

*J. D. Hancock,* for defendant in error.—Referred to Act of 1836 *supra.* The only remedy under an award is by appeal: Barron *v.* Harriott, 2 Penna. R. 154; Orlady *v.* M'Namara, 9 Watts 192; Sullivan *v.* Weaver, 9 Barr 223; Royer *v.* Myers, 3 Harris 89; Waage *v.* Weiser, 5 Wharton 307; Thompson *v.* White, 4 S. & R. 140; Walls *v.* Wilson, 4 Casey 514; Sheets *v.* Rudebaugh, 2 Rawle 149; Gram's Appeal 4 Watts 43; Royer *v.* Myers, 3 Harris 89. Everything before arbitrators is presumed to be regularly done: Withers *v.* Haines, 2 Barr 435; Bemus *v.* Clark, 5 Casey 251; Browning *v.* McManus, 1 Wharton 177; Rogers *v.* Playford, 2 Jones 184; Brown *v.* Brashier, 2 Penna. R. 114; Stiles *v.* Carlisle and H. Turnpike, 10 S. &. R. 286.

The opinion of the court was delivered, January 3d 1870, by

AGNEW, J.—There seems to be no good ground to set aside the proceedings in this case. As a general rule, in joint actions, the taking of a *final* judgment against one defendant is a bar to further proceeding in the same suit against the others; the act of accepting such a judgment being that of the plaintiff himself: Beltz-

hoover *v.* Com., 1 Watts 126 ; O'Neal *v.* O'Neal, 4 W. & S. 130 ;
Noble's' Administrator *v.* Laley, 14 Wright 281.     But where
judgment is rendered by default, and the prothonotary liquidates
the sum without waiting for a trial and assessment for damages
against the other, the liquidation being the act of the officer, is
amendable by striking it out in the court below, or treating it as
amended in this court: O'Neal *v.* O'Neal, *supra ;* Weikel *v.* Long,
5 P. F. Smith 238.    And even two judgments in the same case will
now be treated as one on the scire facias, or execution.    See Act
2d August 1842, Purd., 1861, p. 577, pl. 36 and 37.

The irregularities, complained of in the proceeding to arbitrate,
are not now to be favored.    The court below was applied to ;
and, having heard the objections now urged, discharged the rule.
Every presumption is made in favor of the award, unless flagrant
error appears in the record : Sheets *v.* Rudebaugh, 2 Rawle 149 ;
Browning *v.* McManus, 1 Wharton 177 ; Sands *v.* Rolshouse, 3
Barr 456 ; Bemus *v.* Clark, 5 Casey 251 ; Withers *v.* Haines,
2 Barr 435 ; Taggart *v.* McGinn, 2 Harris 155 ; Vankirk *v.*
McKee, 9 Barr 100 ; Whitehill *v.* Whitehill, 17 S. & R. 295 ;
Rogers *v.* Playford, 2 Jones 184.

Here the party resided in the county and employed an attorney,
who had notice of the proceeding, and accepted service of the
rule, and an award was made and remained without appeal, or
motion to the court for relief, for fourteen months,' execution being
suffered to go out in the meantime.    Under these circumstances
we must presume that the court below had proof that the return
of the sheriff of a personal service of the rule to choose on Finch
was true.    Though such a rule is not directed to the sheriff, yet
the practice for sheriffs to serve these rules is so general we must
presume the court had satisfactory evidence of the service by the
sheriff.

The record entry is not inconsistent with the fact that the pro-
thonotary alone fixed the number of arbitrators, and the time and
place of their meeting : Withers *v.* Haines, 2 Barr 437.    We may
well suppose, therefore, that the court below was satisfied that the
introduction of the word " we" in the certificate, given by the
prothonotary of the arbitrators chosen, and time and place of
meeting, was a mere clerical mistake.

The most material error alleged is the 6th.    There is no doubt
that under the Act of 16th June 1836, § 16, Purd. 54, pl. 23,
the service of the rule containing the names of the arbitrators,
&c., must be made on the party himself, where he resides in the
county, and not on his attorney : Henry *v.* Norwood, 4 Watts
347.    The attorney in this case accepted service of the rule for
the defendant.    It is unnecessary to decide now that this accept-
ance is binding, the service being required to be upon the party
himself ; yet, we are justified in believing, after the hearing in

the court below and discharge of the rule, and the admission of the party in his affidavit that he had employed the attorney, that the court below had evidence to satisfy them that the defendant had authorized his attorney to accept the rule for him, and, if for no other reason, that he might save the costs: Whitehill *v.* Whitehill, 17 S. & R. 295.

In regard to the service on the arbitrators, a sufficient presumption appears from the record itself. Connolly attended the first meeting and Epley the second, to which an adjournment was regularly made. Connolly having appeared at the first and being absent at the second, the arbitrators present at the second, Epley being one, had sufficient evidence from the endorsement on the rule, of Connolly's appearance, that service had been made upon him. They were, therefore, justified in supplying his place with another arbitrator.

Finding no substantial error in the record the judgment is affirmed.