## Bradley v. Ray McGowen Ford, Inc.

*Ronald H. Israelit,* for plaintiff.

*James J. Himsworth,* for defendant.

FORREST, P. J., October 21, 1963.—This case is before us on petition for rule to show cause why an award of arbitrators, chosen and acting under the local rules of court relative to compulsory arbitration, should not be set aside, and answer thereto. The action was instituted for the recovery of the purchase price, which plaintiff paid for an automobile, plaintiff alleging breach of warranty of good condition.

The arbitrators made an award in favor of plaintiff in a sum certain "conditional upon return of title to the defendant, free of encumbrances." Petitioner contends that the arbitrators have no power to enter a conditional award, because such a finding is not a final judgment from which an appeal lies.

The Act of June 16, 1836, P. L. 715, sec. 26, as amended, 5 PS §57, provides that "It shall be lawful

for the several courts . . . to set aside an award of arbitrators, on due proof

I. That the arbitrators misbehaved themselves in the course of the hearings before them.

II. That the award was procured by corruption, or other undue means."

This section should not be construed as a statutory limitation of the grounds for setting aside awards.

The Act of 1836, supra, sec. 24, 5 PS §54, provides that "Every award so entered, (by the Prothonotary) shall have the effect of a judgment, with respect to the party against whom it is made, from the time of the entry thereof, and shall be a lien upon his real estate . . ." In Kitchen v. Funston, 14 S. & R. 337 (1826), it was said: "This report . . . has the effect of a judgment, and therefore should have the certainty of a judgment." A conditional award by its very nature cannot have the effect of a final judgment. Such an award must be set aside. Thus, in Biggs v. Funk, 5 Watts 478, 481 (1836), the court stated:

"The award must be set aside . . . because it is not final; but its effect is to depend on a matter, perhaps, of no small difficulty."

The intent and purpose of the Act of 1836, as amended, supra, is to enable litigants in an action of assumpsit to arrive at a judgment which has the same degree of finality as the judgment entered upon the verdict of a jury. The award of the arbitrators in this case thwarts such intent and purpose. The award is defective on its face and must be set aside.

And now, October 21, 1963, the rule to show cause why the award of arbitrators should not be set aside is made absolute, the award is set aside, and the case is remanded to the arbitrators for the filing of a report and award which shall not be inconsistent with the foregoing opinion.