# M'Kinney *against* Mitchell.

Upon an affidavit of defence to part of a claim, the plaintiff may take judgment for the residue and receive it; and proceed to issue, trial and judgment for that which was disputed.

**ERROR** to the Common Pleas of *Union* county.

Isaac M'Kinney & Sons against Nathan Mitchell. This was an action of debt, in which the plaintiff filed a statement claiming $209.12. The defendant made an affidavit of defence to part of the plaintiffs' claim, and the court, on motion of the plaintiffs, rendered a judgment *secundum regulam* for the residue, amounting to $184.01. This sum, together with all costs, the defendant paid to the plaintiffs' attorney. A rule was then taken upon the defendant to plead to that part of the statement to which the affidavit of defence was made. The defendant pleaded specially the entry of the judgment and payment of it; to which the plaintiff demurred, and the defendant joined in the demurrer.

The rule of court is, " That the plaintiff shall be entitled to judgment, &c. . . . . . . . unless an affidavit be filed on or before the application for judgment, setting forth that the defendant verily believes he has a just defence to the whole or part of the plaintiff's demand, as the case may be, and if to part, specifying how much."

The court below rendered a judgment on the demurrer for the defendant.

*Bellas*, for plaintiffs in error. Why does the rule of court require a specification of the amount of the defence, if a judgment may not be rendered for the residue? It cannot be its true construction that a defence to the amount of $10 should jeopard the claim of $1000, especially when no evil can result from the entry of a judgment for that part of the claim which is incontestably right. 3 *Binn.* 417.

*Miller*, contra, argued that the incongruity of having two judgments in the same action, was a sufficient answer to the construction given to the rule of court by the plaintiffs in error. It would be splitting up an entire claim. 8 *Wend.* 195; 14 *Serg. & Rawle* 167; 5 *Watts* 120. The true construction of the rule is, that the plaintiff has his election to take judgment for the amount admitted to be due, or proceed to trial for the whole.

IV. — 4        c

[M'Kinney v. Mitchell.]

The opinion of the Court was delivered by

SERGEANT, J.—There is, in our opinion, no sufficient reason why the plaintiff might not enter judgment for the part of his demand admitted in the affidavit of defence, and receive it when voluntarily paid by the defendant, and yet proceed for the residue. It is certainly consistent with the justice of the case; for it would be hard if the plaintiffs' receiving the admitted portion when the defendant chose to pay it, to save interest and costs, should debar the plaintiff from the residue of his claim. When the defendant pays money into court, the plaintiff may take it out and yet proceed for the residue, if he deems it insufficient. Nor is there anything extraordinary in the construction of the rule which allows the plaintiff to take a judgment for the part admitted. The rules of the Court of Common Pleas of Philadelphia county, quoted from 3 *Binn*. 417, expressly authorized it. It would be of little benefit to the plaintiff to require the defendant, in his affidavit of defence, to specify the part which he admitted, if the plaintiff could not enter judgment so as to secure a lien on the defendant's real estate, but were still obliged to wait the delays of a trial, as if no specification were made in the affidavit. Should the part denied be but a trifle, then, according to the construction contended for by the defendant, he might keep the plaintiff from securing the main portion of his debt, and, in the meanwhile, dispose of his property so as to defeat an acknowledged claim; whilst by the other course no damage is done to the defendant, as the subsequent costs must depend on the result. Such judgment is in the nature of an interlocutory judgment, the amount to be adjusted by a final judgment, somewhat like the judgment entered on a report of arbitrators under the compulsory arbitration Act. We think, under the true construction of the rule of court, the plaintiff is not barred by the proceedings which have taken place, and that judgment on the demurrer ought to be rendered for the plaintiff.

Judgment reversed, and judgment on the demurrer for the plaintiff, and record remitted for further proceedings.