## Russell *et al. versus* Archer.

1. A rule of court was, that an affidavit of defence should state whether the defence was to the whole or part of the claim, and if to part, to what part; the plaintiff might take judgment for the part confessed to be due, and such judgment, for the purposes of execution, should be final but not a bar to the recovery of any balance due; plaintiff taking judgment for the part confessed, to state whether he accepts it in full, or will proceed for the balance; if he does not so state, the judgment to be deemed final. *Held,* that the court had power to make such rule.

2. Plaintiff's claim was for $1227; the defendant in his affidavit admitted $810 to be due, and averred a defence for the remainder. The plaintiff took judgment for $810, complying with the rule; issued execution, went to trial for the remainder and recovered a verdict for $450, "in addition to judgment for $810." *Held,* that the first judgment was interlocutory, except for execution, and the judgment on the verdict was valid.

3. Apart from the Act of Assembly, the power to make rules is inherent in every court of record.

4. Brazier *v.* Banning, 8 Harris 345, distinguished.

October 23d 1874.    Before AGNEW, C. J., SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of *Venango county:* Of October and November Term 1874, No. 152.

This was a scire facias on a mechanic's lien, issued February 25th 1873, by J. G. Archer against Alexander Russell and others. The lien was for $1327.75, and had been filed the same day.

On the 21st of April 1873, the defendants filed an affidavit of defence, admitting $810.11 to be due, and averring a defence for the remainder.

Rule 16th of the Court of Common Pleas of Venango county, in relation to affidavits of defence, is as follows:—

"In all cases where an affidavit of defence is required by these rules, it shall state whether the defence is to a whole or a part of the plaintiff's claim, and if to a part only, it shall state to what part; and all items of the plaintiff's claim not traversed or denied, shall be taken as confessed. The plaintiff may take judgment for such part of his claim as may thus be confessed to be due, which judgment, for the purposes of lien and execution, shall be final, but shall not be deemed a bar to the recovery of any balance which may be justly due the plaintiff. He may waive judgment under this rule and proceed to trial for the whole claim. If he take judgment for the part so confessed, he shall state in his præcipe therefor whether he accepts it in full of his claim, or will proceed to trial for the balance; and if this statement be not filed, the judgment shall be deemed final and in satisfaction of the claim. If he takes judgment and proceeds for the balance, the pleadings shall be in like manner as if judgment had not been taken. If he recover no part of the balance, he shall pay all costs accruing on the proceedings to recover the same."

On the 1st of May 1873, the plaintiff's attorney directed judg-

[Russell *v.* Archer.]

ment to be entered for the amount admitted to be due, and in his præcipe stated, in accordance with the rule of court, that he did not accept said sum in full of his claim, but would proceed to trial for the balance.

Judgment was entered by the prothonotary, May 3d, for $810.11. On the same day a levari facias was issued, and on the 19th bail for stay of execution was entered. The case was put at issue and was tried March 2d 1874.

On the trial the defendants' first point was:—

"That the judgment entered against the defendants on the 1st day of May 1873, having been entered by the plaintiff himself, is final and conclusive, and the said plaintiff is not entitled to another final judgment in the same cause of action."

The court (Trunkey, P. J.) answered the point in the negative, and added: "By rule 16th of this court, the plaintiff had a right to take judgment for the amount confessed to be due for the purposes of lien and execution, and having made the proper statement in his præcipe, as provided by said rule, the said judgment is not final, except for purposes of lien and execution."

The jury found for the plaintiff " for $450, in addition to judgment for $810.11."

The defendants took a writ of error, and assigned for error the answer to their point.

*C. W. Mackey*, for plaintiffs in error.—By issuing execution on the first judgment, the plaintiff treated it as a final judgment, and that ended the suit: Brazier *v.* Banning, 8 Harris 345. There can be but one final judgment in a suit: O'Neal *v.* O'Neal, 4 W. & S. 130; Noble *v.* Laley, 14 Wright 284.

*J. H. Osmer*, for defendant in error.—The judgment taken pursuant to the rule of court was not final: Coleman *v.* Nantz, 13 P. F. Smith 178. It makes no difference whether the money be paid on an execution or voluntarily: Brazier *v.* Banning, 8 Harris 345; McKinney *v.* Mitchell, 4 W. & S. 25. The court had power to make the rule: Vanatta *v.* Anderson, 3 Binn. 417.

Mr. Justice MERCUR delivered the opinion of the court, January 4th 1875.

Archer filed a mechanics' lien against the plaintiffs in error, claiming $1327.75, for work and labor done on an oil-lease. A scire facias was issued, return served personally; defendants, in their affidavit of defence, admitted that they were indebted to the plaintiffs in the sum of $810.11, but set forth a defence to the balance of the claim. Judgment was entered for the sum admitted to be due, and the plaintiff recovered before the jury $450 additional.

This record presents a single question. It is this: Was the judgment first taken a final one?

[Russell v. Archer.]

The 16th rule of the court below, *inter alia*, declares that the plaintiff may take judgment for such part of his claim as the defendant in his affidavit of defence may admit to be due, " which judgment, for the purpose of lien and execution shall be final, but shall not be a bar to the recovery of any balance which may be justly due to the plaintiff. If he takes judgment for the part so confessed, he shall state in his præcipe therefor, whether he accepts it in full of his claim or will proceed to trial for the balance. " In the affidavit of defence put in by the defendants below, they admitted their indebtedness in the sum of $870.11, and averred a defence to the residue of the plaintiff's claim. Thereupon the plaintiff below filed his præcipe directing the prothonotary to enter judgment for the sum admitted to be due, but therein further declared, that he did not accept said sum in full of his claim; but that he would proceed to trial for the balance. He did so proceed. On the trial the defendants below interposed the first judgment as a bar to any further recovery against them. The court negatived the point. That answer is assigned as error. The jury rendered a verdict for $450 in favor of the plaintiff below, in addition to the sum previously admitted to be due, and one judgment was entered for both sums united.

Thus, it is shown, the first judgment was taken strictly in accordance with the rule. That rule clearly shows the extent of its finality.

It expressly authorizes the plaintiff at his option to proceed to trial for the recovery of the residue of his claim. The plaintiffs in error deny the right of the court to make and enforce this rule. They further urge that inasmuch as an execution had actually been issued on the first judgment, although no money was made thereon, it barred any further recovery. No question now arises as to the regularity of issuing the execution. The validity of the subsequent verdict, and of the consolidated judgment thereon, are all the questions which now arise.

The case of Brazier v. Banning, 8 Harris 345, is cited in support of the position that the first judgment was final. As there can be but one final judgment in any personal action, O'Neal v. O'Neal, 4 W. & S. 130, the last judgment is said to be invalid.

The case of Brazier v. Banning arose under an Act of Assembly in which there was no provision authorizing the plaintiff to proceed to trial for the residue of his claim after taking judgment for the sum admitted to be due. Nor was that case covered by any rule of court. This distinction is clearly pointed out in the opinion of the court. Besides, in that case the first judgment had actually been collected on execution. In McKinney v. Mitchell, 4 W. & S. 25, it was held that upon an affidavit to part of a claim, the plaintiff might take judgment for the residue and receive it, and then proceed to issue, trial and judgment for the portion which was disputed. This rested on a rule of court not as

[Russell *v.* Archer.]

specific as the one now under consideration. · The latter judgment was there sustained, although the first judgment, together with all costs, had actually been paid to the plaintiff. The court there said the first judgment was in the nature of an interlocutory judgment, although the rule of court made no provision for proceeding to trial after it was taken. In Coleman *v.* Nantz, 13 P. F. Smith 178, the right of the plaintiff to proceed for the recovery of the residue of his claim, after accepting a judgment for the sum admitted to be due, was again affirmed. This, too, was under a rule of court which did not go so far as in express terms to authorize the plaintiff to proceed to issue and trial for the residue of his claim. It was there, as here, urged that the law does not tolerate such an incongruity as the entry of two judgments in the same action. To avoid this incongruity the first was held as interlocutory. Where it is not designed to put an end to the suit, there is no impropriety in so treating it.

The power given · to the Courts of Common Pleas to establish such rules for regulating their practice and for expediting the determination of suits, causes and proceedings therein, is full and most ample: Purd. Dig. 233, pl. 136. Apart from this Act of Assembly, the power to make rules is inherent in every court of record.

We see nothing in this rule of court calculated to work injustice. It is designed to expedite the proceedings therein by removing from suits pending such portion of the claim as is not controverted. The first judgment may be final for some purpose and not for all. The offer was made and accepted under the rule which permitted the suit to proceed for the residue of the claim. The first judgment cannot then be said to be final for all purposes. It was substantially interlocutory. We discover nothing in this rule of court, nor in the action of the plaintiff below, in taking the first judgment under it, to preclude his subsequent recovery in the same · action. The learned judge was therefore entirely correct.

Judgment affirmed.