## Commonwealth, to use of Graham, *versus* McCleary and Conway.

1. An action of debt was brought on a bond executed by M. and C., jointly and severally, in the penal sum of $10,000. Judgment was taken against M. for want of an affidavit of defence. The prothonotary liquidated the judgment for the amount of the whole penal sum, execution issued therefor, and $2000 thereof was collected. C. put in a plea, and on the trial of the issue, the court instructed the jury to return a verdict for $4000 for plaintiff, reserving the question whether the suit was prematurely brought, and whether taking the judgment against M., and issuing an execution thereon, was a bar to plaintiff's recovery. The court afterwards held that the plaintiff made the judgment final by issuing execution, and refused to enter judgment on the verdict. *Held*, that this was error; that the judgment was not final, but interlocutory.

2. O'Neal *v.* O'Neal, 4 W. & S. 130; Finch *v.* Lamberton, 12 P. F. Smith 370; McKinny *v.* Mitchell, 4 W. & S. 25; and Russell et al. *v.* Archer, 26 P. F. Smith 188, reviewed.

November 18th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas of *Butler county:* Of October and November Term 1878, No. 306.

Debt on a bond by the Commonwealth for the use of G. H. Graham, committee of Mrs. Elizabeth McCleary, a lunatic, against J. J. McCleary and George C. Conway.

Elizabeth McCleary was declared a lunatic, and her son, J. J. McCleary was appointed her committee on August 15th 1870, and qualified and assumed the duties of the trust. On November 29th 1871, he petitioned the court for leave to sell her real estate and obtained a decree of sale, and gave his bond with his brother-in-law, George C. Conway, as surety, in the sum of $10,000, conditioned according to law, which was approved by the court. Sale was made of the real estate by the committee to W. G. Stoughton for the sum of $12,000, which sale was confirmed on the 28th of May 1872, and the purchase-money all paid by Stoughton to the committee.

On the 12th of January 1875, Mrs. Moore and other heirs of the estate, presented their petition to the Orphans' Court, praying for an order on the committee to give additional security. A rule was granted by court on the committee to show cause why he should not give security in $24,000, or be removed from the trust. Before the return-day of this rule the committee left the state and has not returned. The rule was made absolute, the committee discharged and ordered to pay over the funds in his hands to his successor. George H. Graham was appointed his successor, as committee.

An auditor was appointed, and reported that the former committee, McCleary, owed the estate $4000.

[Commonwealth v. McCleary.]

In the meantime, on the 28th of January 1875, Graham brought this suit against J. J. McCleary, the former committee, and his bail, George C. Conway, for the recovery of the amounts due from the committee to the estate. A præcipe and declaration in debt was filed and affidavit of amount due. Summons and rule to file an affidavit of defence in twenty-one days or judgment issued, and were returned by the sheriff served on both defendants. George C. Conway, the security, filed an affidavit of defence, and at the expiration of the twenty-one days, one of the attorneys for the plaintiff, entered the following præcipe in the rule-book:

"Now, February 20th 1875, prothonotary will please enter judgment against J. J. McCleary, for want of an affidavit of defence."

On this præcipe the prothonotary entered judgment against McCleary for want of an affidavit of defence; and without any præcipe or direction, liquidated the amount after the entry of judgment in the sum of $10,000, the penal sum mentioned in the bond. The same counsel issued execution against McCleary on this judgment, and realized from the sale of real and personal estate, the sum of $2000 and costs. This sum was allowed as a credit to the former committee by the auditor, leaving the balance of $4000 as reported by the auditor after all his property had been sold.

The defendant, Conway, then pleaded that the judgment entered against McCleary in the same suit, was a bar or defence to recovery against him.

On the 12th of June 1876, Graham presented his petition to court, setting forth all the facts in the case and praying the court to strike off the liquidation made without authority by the prothonotary, on the ground that the judgment against McCleary was only interlocutory, and was not the subject of liquidation by the prothonotary, but that a jury must assess the damages. This rule was granted by the court, but finally dismissed for the reasons, that the plaintiff had treated it as a final judgment by issuing execution on it; and second, that it was not necessary, as the Act of Assembly passed 4th April 1877, Pamph. L., p. 52, as follows: " That when judgment has been or may hereafter be obtained in any court of record in this Commonwealth, against one or more of several co-defendants in default of appearance, plea, or affidavit of defence, said judgment shall not be a bar to recovery in the same suit against the other defendants jointly, or jointly and severally, liable as co-obligors, co-partners or otherwise," prevented the defendant, Conway, from setting up the judgment against McCleary as a bar to recovery against him.

The case was then tried, and the court, after the parties had put in all their testimony, directed a verdict for the plaintiff, George H. Graham, committee, for $4000, reserving the two questions raised by the pleadings, 1. Could the action be maintained by reason of the plaintiff having taken judgment against McCleary

[Commonwealth *v.* McCleary.]

for want of an affidavit of defence? and 2. Was it prematurely brought before fixing the principal?

On the argument of the reserved questions the plaintiff renewed the petition to treat the judgment against McCleary as interlocutory, and to strike off the liquidation made by the prothonotary, and to liquidate the interlocutory judgment against McCleary at the amount found by the jury when the case was tried against Conway, the security. The court, Bredin, P. J., refused. They further held that the Act of 1877 was unconstitutional, and refused to enter judgment for the plaintiff on the verdict.

The plaintiff took this writ, and alleged that the court erred, 1. In not holding that the judgment against J. J. McCleary, for want of an affidavit of defence, was interlocutory, and in not striking off the liquidation. 2. In holding that the Act of the 4th of April 1877 was unconstitutional. 3. In not entering judgment for the plaintiff on the reserved questions.

*J. M. Thompson* and *McCandless & Greer*, for plaintiff in error.—The judgment against McCleary was interlocutory. It is no bar to recovery against the other defendant, where judgment is rendered by default against one defendant and the prothonotary liquidates the sum, without waiting for an assessment against the other. This being the act of the officer, it is amendable in the courts below by striking out the liquidation, or by treating it in the Supreme Court as amended: Finch *v.* Lamberton, 12 P. F. Smith 370; O'Neal *v.* O'Neal, 4 W. & S. 130; Noble's Adm. *v.* Lalley, 14 Wright 281; Weikel *v.* Long, 5 P. F. Smith 238.

There seems no good reason why, because one defendant was fixed for, and a certain sum of money secured, that therefore his co-defendant, whose liability was thereby lessened, to the extent of the money thus secured, should be permitted to plead his partial protection as an absolute defence to the whole claim. Instead of being injured, he is clearly benefited, and by this act his liability *pro rata* reduced. Conway's defence is purely technical. Nothing was done to prejudice him, but on the contrary, his interest was protected by the very act of which he now seeks to avail himself as a bar. That this defence was taken away so far as the legislature could, is clearly shown by the Act of April 4th 1877, Pamph. L. 52.

*George A. & A. T. Black* and *L. Z. Mitchell*, for defendant in error.—The issue of the execution was the act of the plaintiff and the judgment was final: Williams and Locke *v.* McFall and Millington, 2 S. & R. 281; Lewis *v.* Smith, 2 Id. 142; Sellers *v.* Burke, 11 Wright 349; Watkins *v.* Phillips, 2 Whart. 209.

Mr. Justice MERCUR delivered the opinion of the court January 5th 1880.

[Commonwealth *v.* McCleary.]

This was an action of debt on a bond executed by the defendants jointly and severally, in the penal sum of $10,000. Judgment was taken against McCleary for want of an affidavit of defence. The prothonotary liquidated the judgment for the amount of the whole penal sum. Execution issued therefor, and some $2000 of it was collected. Conway put in a plea, and on the trial of the issue, the court instructed the jury to return a verdict in favor of the plaintiff for $4000, reserving the question whether the suit was prematurely brought, and whether taking the judgment against McCleary and issuing execution thereon, was a bar to plaintiff's recovery. The court afterwards was of opinion, that the plaintiff made the judgment final by issuing execution thereon, and refused to enter a judgment on the verdict.

It may be conceded as a general rule, there can be but one final judgment in any personal action: O'Neal *v.* O'Neal, 4 W. & S. 130; and if the plaintiff takes a final judgment against one co-defendant, it bars further proceedings in the same suit, against the other defendant or defendants: Finch *v.* Lamberton, 12 P. F. Smith 370. Whenever, however, the manifest justice of the case requires it, and it is not shown that the first judgment was intended to be final, the inclination of the modern cases is to hold it to be interlocutory only. Thus O'Neal *v.* O'Neal, *supra,* was a suit against two defendants on a penal bond. Judgment was rendered against one of them by default, "for want of an appearance and plea for $910, being the amount of the penalty of the bond." It was therefore said in that case, that the judgment was not in an interlocutory form, but for a definite sum. It was nevertheless held, that judgment for want of a plea is essentially interlocutory; and as the court below might have ordered the sum stricken out, this court would treat it as a nullity, and hold the judgment to be interlocutory. Finch *v.* Lamberton, *supra,* was an action of assumpsit against two defendants. Judgment was rendered against one for want of an affidavit of defence, "amount to be liquidated by the prothonotary." Same day the prothonotary did liquidate the damages. The other defendant took defence, and an award of arbitrators was made against him. The court refused to set aside the award, and judgment was entered thereon. On writ of error to this court, the judgment was affirmed. It was then held, where judgment is rendered by default, and the prothonotary liquidates the sum without waiting for a trial and assessment of damages against the other, the liquidation being the act of the officer, is amendable by striking it out in the court below, or by treating it as amended in this court.

There is another class of cases illustrating the same principle. McKinney et al. *v.* Mitchell, 4 W. & S. 25, was a suit against one defendant. He made affidavit of defence to a part only of plaintiff's claim, and on their motion judgment was rendered *secundum*

[Commonwealth *v.* McCleary.]

*regulum*, against the defendant for the residue, a specific sum. This sum, together with all costs, was actually paid by the defendant and received by the plaintiff. It was held, the plaintiff might still proceed to issue, trial and judgment, for the remaining part of his claim which was disputed. Russell et al. *v.* Archer, 26 P. F. Smith 473, was also a case where the defendant made an affidavit of defence to a part only of the claim. The plaintiff took judgment for the part admitted to be due, and issued execution therefor. Thereupon the defendant entered bail for stay of execution. On a subsequent trial in regard to the residue, the court below held the former judgment was not final, except for purposes of lien and execution. In other words, that it had not such a characteristic of finality, as to bar a recovery for the part in dispute.

It is. true these two cases rested principally on a rule of court. In the former, it impliedly authorized the judgment; and in the latter, in clearer terms, the execution. Nevertheless, the fact remains, that part of the judgment in the first case was collected by a voluntary payment, and in the latter, an attempt was made to collect by execution. In the last case it was said, where the first judgment " was not designed to put an end to the suit, there is no impropriety in so treating it." To the same import is Coleman *v.* Nantz, 13 Id. 178.

In the present case, McCleary was the principal debtor, and Conway was the surety. By the prompt action of the plaintiff in issuing execution, the surety was relieved to the amount collected. The latter has no just cause to complain of this. It was in his interest and for his benefit. We will not presume the plaintiff thereby intended to abandon all claim against the surety, who was really the only solvent defendant. The plaintiff did not discontinue or abandon the case against Conway, but pressed it to trial. Under all the circumstances, we conclude, that the action of the plaintiff in issuing execution did not indicate the intention, or have the effect, to make final, a judgment which otherwise would have been interlocutory only. It is not now alleged, that the suit was prematurely brought. The learned judge therefore erred in refusing to enter judgment in favor of the plaintiff, on the last reserved question. It follows, the case does not need the curative power of the Act of 4th April 1877, and we express no opinion as to its application. Inasmuch, however, as no judgment has yet been entered on the verdict, all we can do is to quash the writ of error.

Writ quashed.