## NATHAN STEDMAN v. GEORGE POTERIE.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 2 OF ALLEGHENY COUNTY.

Argued October 29, 1890—Decided January 5, 1891.
[To be reported.]

1. Courts of Common Pleas have power to establish rules authorizing the entry of judgment for such part of the plaintiff's demand as is not denied by the affidavit of defence, and permitting the plaintiff to proceed thereafter to issue and trial for the residue of the claim.

2. Unless the court or the parties intend by it to put an end to the action, when such a judgment is entered, under the authority of a rule of court, its amount may be liquidated and collected by execution, without barring the plaintiff's right to proceed for the balance claimed: Brazier v. Banning, 20 Pa. 345, distinguished.

3. It seems that a court rule authorizing an interlocutory judgment for a part of a claim " admitted or not denied," is applicable, when an affidavit of defence as to the part lacks the legal requisites; at all events, an order of court directing such a judgment is a special rule sufficient for the purpose.

4. The execution on the interlocutory judgment will be under the control of the court, when equitable grounds for such control exist; and a judgment which has such elements of finality as liquidation of amount and capacity to support an execution, may well be held sufficiently final to sustain an appeal therefrom: Per Mr. Justice MITCHELL.

5. The procedure act of May 25, 1887, P. L. 271 did not incorporate into it existing rules of court, as to entering judgment for part of a claim, so as to take them out of the control of the courts; rules on that subject old and new, are still within the control of each court in respect to its own practice: Marlin v. Waters, 127 Pa. 177, explained.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 122 October Term 1890, Sup. Ct.; court below No. 145 January Term 1889, C. P. No. 2.

To the number and term stated of the court below, Nathan Stedman brought assumpsit against George Poterie, filing a verified statement of claim setting out an account against the defendant, composed of several items.

The defendant filed an affidavit of defence to the whole of

the plaintiff's claim, whereupon the plaintiff took a rule for judgment for want of a sufficient affidavit of defence. Subsequently, the defendant filed a supplemental affidavit sufficiently setting forth a defence to but one of the items of the plaintiff's bill, the amount of which item was $175. The plaintiff, then, with leave of the court, amended the rule for judgment, so as to exclude said item therefrom, and asked the court to render judgment for the remainder of the claim, with leave to proceed to trial for the excluded item. After argument, the court granted the motion and ordered that judgment be entered, with leave, etc., as prayed for. The plaintiff's attorneys then filed with the prothonotary their præcipe, reciting that the court had "ordered judgment to be entered for all of the plaintiff's claim except the item of $175," and directed the prothonotary to "enter judgment in favor of plaintiff and against the defendant for the sum of $150.72, sec. reg., and liquidate the amount as follows, viz.," etc. Judgment was entered accordingly, an execution was issued thereon, and the amount of the judgment was collected by the sheriff.

A rule of the court below provides as follows:

"Rule 11. In all cases where an affidavit of defence is required by these rules, it shall state whether the defence is to the whole or to only a part of the plaintiff's claim; and if only to a part, it shall state to what part, and in such case the plaintiff may proceed to trial for his whole claim, or at his option take judgment for the part not denied, nor [or] admitted by the defendant, which shall not be a bar to the recovery of the residue of his claim, provided, he shall state in his præcipe for said judgment, that he declines to accept the same in full satisfaction of his claim and elects to proceed for the balance, otherwise he shall be barred from further proceedings, and said judgment shall be taken as final. If the plaintiff takes such a judgment, and proceeds for the residue of his claim and fails to recover in addition to the amount for which he has taken judgment, he shall pay all costs accruing in such action subsequent to the taking of said judgment."

Subsequent to the entry of the judgment, the defendant pleaded, as to the residue of the plaintiff's claim, "non assumpsit and set-off, with leave to add, alter or amend at bar, and special matter set forth in affidavit of defence."

Opinion of Court below.

The issue came on for trial before EWING, P. J., on September 20, 1889, when, at the close of the testimony, the defendant presented to the court the following point:

The court is requested to charge that, the plaintiff having entered judgment for a portion of his claim in this suit, and collected the same by writ of execution, he is thereby estopped from further proceeding in this action, and the verdict of the jury should be for the defendant.

Answer: Refused.

The case being submitted to the jury, they rendered a verdict in favor of the plaintiff for $175, whereupon the defendant moved in arrest of judgment for the reasons, inter alia:

1. That the court erred in refusing to instruct the jury that plaintiff was debarred, by entry of former judgment, execution and collection of said judgment thereby, from further proceeding in this action.

3. That the entry of the former judgment, issuance of execution, and collection of amount due thereunder by virtue of said execution, debarred plaintiff from further proceeding in this case.

After argument, the court EWING, P. J., sustained the motion in arrest of judgment, filing an opinion in part as follows:

The common-law rule was and is that but one final judgment can be entered in one suit at law. The rule still exists, but it has been considerably modified by acts of assembly, rules of court and judicial decisions. In Dodds v. Blackstock, 1 Pittsb. 46, in the District Court of Allegheny county, in an opinion by Judge Williams, it was held that judgment might be entered for the amount admitted, such judgment being interlocutory, and plaintiff proceed for balance of his claim, but that plaintiff could not treat the judgment as final by issuing execution thereon, and still proceed for the balance. He concedes, then, in equity it can be done. In Coleman v. Nantz, a later case from the same court, Judge Hampton held that entering judgment for the portion of the claim admitted to be due, was not a bar to the proceeding to recover the disputed items in the same suit, even though the rule of court did not expressly authorize it. There had been no exe-

cution issued, the money having been paid voluntarily; but the case is not put on that ground. The decision was affirmed in the Supreme Court in an opinion by WILLIAMS J., who had delivered the opinion in Dodds v. Blackstock, but had apparently somewhat modified his views in the meantime. To the same effect is McKinney v. Mitchell, 4 W. & S. 25. In that case, the rule of court did not provide for an interlocutory judgment.

In Russell v. Archer, 76 Pa. 473, judgment had been entered for a part of the claim admitted to be due, execution issued, and bail was entered for stay, just as in Dodds v. Blackstock. The rule of court, Venango county, was substantially the same as our present Rule No. 11. The case is fully discussed; and it is held that the first judgment is to be treated as interlocutory, except for execution, for which it is final, and the judgment for the balance was sustained.

Plaintiff's counsel claims that the 5th section of the procedure act of 1887, which provides that "judgment may be moved, for want of a sufficient affidavit of defence, for the whole or a part of plaintiff's claim, as the case may be, in accordance with the present practice in actions of debt and assumpsit," is a full warrant for this proceeding. In Marlin v. Waters, 127 Pa. 177, MITCHELL, J., says that provision was intended to preserve the present practice under existing rules of court. Query: Would it not apply to new rules of court on the subject, or at least to counties where no such rules existed at the passage of the act?

Our Rule No. 11 applies specifically to cases where the defendant's defence goes to but a part of the claim; and authorizes judgment "final as to execution and lien" for the part not denied or admitted by the defendant, and that such judgment shall not be a bar to a recovery of the residue of the claim. Rule 8 provides that "such items of the claim and material averments of fact (in plaintiff's affidavit of claim), as are not directly and specifically traversed and denied by the answer shall be taken as admitted." We can see no good reason why where no good defence is set out, where the averments of the affidavit of claim are not specifically denied and are therefore under our rule of court and practice deemed to be admitted, it should not entitle plaintiff to an interlocutory judgment, for

Arguments.

lien at least, and have them separated from the items to which a good defence is alleged, and if this amount were voluntarily paid it should not be a bar to a recovery for the remaining items. In the case of judgment for a portion in terms "admitted to be due or not denied" a writ of error would be of no avail to defendant. The court would not reverse a judgment confessed to be due.

But in this case, the defendant alleged a defence to the whole of plaintiff's claim, which defence he deduced as a conclusion of law from his alleged facts. The court held that, except as to one item, his facts were not set forth as required by rule of court, and that his conclusion of law was bad, and entered judgment for this part of the claim, with leave to plaintiff to proceed to trial for the balance of the claim. The court made a rule for this case, if a rule were necessary. Nothing was said about execution, and the case was not covered by Rule 11. It seems to us that when plaintiff proceeded to execution from this interlocutory judgment, he elected to make it final. The defendant was entitled to have a writ of error in some shape to the decision of the court that the affidavit of defence was insufficient. He might perhaps have had it at once or when execution was issued, but he might well be satisfied to let the plaintiff elect to take a judgment for less than one half his claim as final. The trial satisfied us, as it did the jury, that the defendant had no meritorious defence to any part of the plaintiff's claim, but it seems to us that the technical defence is good.

—Thereupon the plaintiff took this appeal, specifying that the court erred:

1. In making the order arresting the judgment.

2. In not entering judgment on the verdict for the plaintiff.

*Mr. William Yost*, for the appellant:

The special order allowing judgment for part of the claim, with leave to proceed to trial for the balance, was a rule of court in this particular case: Contested Election Cases, 2 Brewst. 96. If that order were erroneous, the defendant should have had it corrected by writ of error. It was final for purposes of execution: Coleman v. Nantz, 63 Pa. 178; Russell v. Archer, 76 Pa. 473. And, when execution issued, the defend-

ant was entitled to bring error, or apply to the court for a stay of the execution. He did neither, and the order stands unreversed. The defendant did not set up the defence of a former recovery in his plea, and he should not be allowed the benefit of such a technical defence after a verdict on the merits. Prior to the act of May 25, 1887, P. L. 272, it was the uniform practice of the court below to give judgment for a part of a claim, and permit a subsequent recovery of the balance. The provisions of § 5 of the act of 1887, taken in connection with that practice, and the special order made in this case, which amounts to a rule of court, sustain our assignments of error. The whole tendency of legislation and decision is against the ruling of the court below.

*Mr. J. O. Petty* (with him *Mr. K. T. Friend*), for the appellee :

1. The plaintiff's proper course, and the only one permitted by the established practice, was to ask leave to withdraw the item of $175 and proceed for it in another action : 1 Tr. & H. Pr., 335 ; Richards v. Bisler, 3 W. N. 485 ; Johnson v. Basin, 4 W. N. 171 ; Burkhart v. Haviland, 7 W. N. 521. This was what the order of court made in this case meant to allow. If we are wrong in this, then we contend that by issuing execution on the judgment and collecting it, the plaintiff made it final and accepted it in full of his demand. There can be but one final judgment in any personal action : O'Neal v. O'Neal, 4 W. & S. 130 ; Williams v. McFall, 2 S. & R. 280. The judgment was not for an amount admitted, but was adverse, and the defendant was entitled to his writ of error, but not until the entry of final judgment. Error does not lie to a judgment that is interlocutory : Chadwick v. Ober, 70 Pa. 264. If we could have taken a writ of error upon the issuing of the execution, it must have been because this act of the plaintiff made the judgment final. Either, then, we may have two final judgments in the same case, with two writs of error, or else a defendant's property may be taken in execution upon an erroneous judgment without any right of appeal.

2. The essential distinction between our case and those cited by the appellant is, that here the judgment was adverse, while in those cited it was based upon an admission. To enable the

Opinion of the Court.

plaintiff to take judgment for a part and then proceed for the residue, a certain amount must be distinctly admitted to be due : 1 Tr. & H. Pr., § 423 ; Kuhnle v. McKeever, 1 W. N. 19. But, if we grant the position that a defective affidavit of defence as to a part of the plaintiff's claim is equivalent to an admission, still the plaintiff's case is not sustained by the decisions of this court. The doctrine of the cases of McKinney v. Mitchell, 4 W. & S. 25 ; Dodds v. Blackstock, 1 Pittsb. 46, affirmed in an unreported decision of this court, and Coleman v. Nantz, 63 Pa. 178, taken together, seems to be that a judgment taken for the uncontested part of a claim is, in the first instance, interlocutory, to be adjusted and fixed in amount by the final judgment after trial ; and, consistently with this, the plaintiff may receive from the defendant the sum admitted to be due, for which the interlocutory judgment has been entered, together with interest and costs accrued, provided the payment be made voluntarily.

3. All the cases just cited, seem to have been decided upon the principle declared in Coleman v. Nantz, 63 Pa. 178, and Grove v. Donaldson, 15 Pa. 128, that each court is the best judge of its own rules, and its construction of them will be reversed only if palpably erroneous. Our rule No. 11 is similar to that considered in Russell v. Archer, 76 Pa. 473. The case at bar does not come within it, as no judgment was confessed ; but if it did so, the plaintiff is concluded by his præcipe for judgment, which fails to state, in compliance with the rule, " that he declines to accept the same in full satisfaction of his claim, and elects to proceed for the balance." The order made in this case was not intended as a rule of practice ; but, if it is relied on as a rule, the plaintiff is bound by its letter, which does not authorize an execution. Nor does the procedure act of 1887 authorize execution, or in any way modify or change the previous practice : Marlin v. Waters, 127 Pa. 177. Having issued execution, then, the plaintiff is thereby concluded : Brazier v. Banning, 20 Pa. 345. And the defence of former recovery was admissible under the plea of non assumpsit : § 7, act of May 25, 1887, P. L. 272. Moreover, it is too late now to question its admission.

Opinion, Mr. Justice Mitchell :

The power of courts of Common Pleas to make rules author-

izing the entry of judgment for such part of the plaintiff's demand as is not denied by an affidavit of defence, and proceeding to issue and trial for the rest of the claim, was established in general by Vanatta v. Anderson, 3 Binn. 417, and a rule directing in the most specific terms just such a course was again sustained in Russell v. Archer, 76 Pa. 473.

The effect of the entry of such a judgment for part of the claim has been passed upon in several cases, and is no longer open to question. In McKinney v. Mitchell, 4 W. & S. 25, the plaintiff entered judgment for part of his claim, liquidated the amount, and received the money from defendant. It was held that all this was no bar to his proceeding to trial for the rest of his claim. Coleman v. Nantz, 63 Pa. 178, to the same effect, was a case from Allegheny county, and under a rule substantially the same, but less specific in terms than that in the present case. In Russell v. Archer, 76 Pa. 473, the plaintiff, not only entered judgment for part of his claim, but issued execution, which however appears to have been superseded by the entry of bail for stay. And in Commonwealth v. McCleary, 92 Pa. 188, an action against two on a joint and several bond, but depending on the same principles, judgment was entered against one defendant, the amount liquidated, execution issued, and a sum realized, but the court held that the plaintiff was entitled to go on to trial and final judgment against the other defendant.

The learned judge in the present case, while conceding the right of plaintiff under the foregoing authorities to enter judgment, and to liquidate the amount for the purpose of lien, was of opinion that, by issuing execution, he had made the judgment final, and precluded himself from further proceeding. In this we think there was error. As already seen, our cases hold that the amount of the first judgment may be liquidated, (McKinney v. Mitchell,) execution may be issued, (Russell v. Archer,) and the money partly made (Commonwealth v. McCleary,) without barring plaintiff's right to proceed. Whether a judgment possessing these attributes should be called interlocutory, or "in the nature of interlocutory," as by SERGEANT, J., in McKinney v. Mitchell, or final for certain purposes only, as in the rule of court approved in Russell v. Archer, is a question of words, not of substance. The result is the same by which-

ever name it is called. "The interlocutory judgments most usually spoken of," says Blackstone, volume 3, p. 897, "are those incomplete judgments whereby the right of the plaintiff is indeed established, but the quantum of damages sustained by him is not ascertained." An interlocutory judgment, the amount of which is liquidated, and which is a lien and can be collected by execution, would probably have seemed to Blackstone, and certainly to Coke, as much a solecism in the common law as two final judgments in the same suit. But equity, disregarding mere names and forms, where it is necessary to preserve substance, finds no difficulty in treating such a judgment as in effect interlocutory and so calling it. "Final judgments are such as at once put an end to the action : " 3 Bl. Com., 398. Looking at the substance of this definition in the light of equitable principles, the courts of Pennsylvania have held that, in the class of cases now under discussion, the first judgment shall not be considered final, in the complete sense of putting an end to further recovery, unless the court or the parties intended that it should have that effect. This was pointed out by Hampton, P. J., in his opinion in Coleman v. Nantz, reported in 63 Pa. 178 : "The record shows very clearly that they had no intention to accept it as a final judgment. But, it is said that in law it is to be treated as such, without regard to plaintiff's intention. This is the real question in the cause. A judgment is not necessarily final, as long as there remains any controverted question of law or fact to be determined." In affirming the judgment, this court said, through the late Justice WILLIAMS, that we might properly treat it as interlocutory, "for it was not intended to put an end to the suit." In Russell v. Archer, where, as in the present case, there had been an execution issued, this court said it was "urged that the law does not tolerate such an incongruity as the entry of two judgments in the same action. To avoid this incongruity the first was held as interlocutory. Where it is not designed to put an end to the suit, there is no impropriety in so treating it." To the same effect, it is said in Commonwealth v. McCleary, supra: "Whenever the manifest justice of the case requires it, and it is not shown that the first judgment was intended to be final, the inclination of the modern cases is to hold it to be interlocutory only." These authorities are conclusive on the present

case.   The record shows that the first judgment was not intended to put an end to the action, and therefore it was not in that sense final.

It is said that this case is not within the rule of court.   It is difficult to see why not.   The rule provides for such a judgment as to all parts of the plaintiff's claim admitted or not denied.   This of course means, not sufficiently and properly denied according to the forms and requirements of the law and the rules of court.   A denial falling short of these requisites is no denial at all.   Prior to the procedure act of 1887 there was no express legislative authority for a judgment for want of a sufficient affidavit of defence.   The act of 1835 and its supplements spoke only of judgments for want of an affidavit, and the practice for half a century rested undisturbed on the incontrovertible judicial deduction that an insufficient affidavit was legally no affidavit at all.   So, it would seem to be clear that a rule of court requiring a denial applies equally whether there is no attempt to deny, or an attempt which falls short of the necessary requirements.   We do not desire, however, to interfere with the court's interpretation of its own rule, nor is it necessary to do so.   Whether this case was within the general rule of court or not, the order granting judgment "with leave to plaintiff to proceed to trial" for the other part of his claim, was a special rule sufficient for this case.   The leave to proceed shows conclusively that the judgment for part was not to terminate the action, and the cases heretofore cited establish that the plaintiff might issue execution on that judgment without giving it such effect.

No hardship is likely to be inflicted on the defendant, as is deprecated in appellee's argument.   The execution on the interlocutory judgment will be under the control of the court where equitable grounds exist for restraining it.   And a judgment which has such elements of finality as liquidation of amount, and capacity to sustain execution for it, may well be held sufficiently final to sustain a writ of error.   Under the affidavit of defence law, the courts of this state were confronted with a difficulty.   On one hand, to refuse the first judgment the advantages of lien and execution would be to deprive plaintiff of the speedy recovery the affidavit law intended, and practically to deny him complete justice in cases where, as

suggested by Hampton, P. J., in Coleman v. Nantz, supra, "a defendant in failing circumstances by tendering a judgment for three fourths of the demand might compel him to choose between losing one fourth or the whole of his claim." On the other hand was the technical dilemma of having two final judgments in the same action, or an interlocutory judgment with all the attributes of finality except that of superseding further proceedings. Our predecessors chose the latter branch of the dilemma, and we are bound by their precedents; but the powers of the court are still elastic enough to avert any injustice from this application of equitable principles in modification of the forms of the common law, and the precise manner in which it shall be done may well be left for settlement when the case shall arise.

It is not necessary to do more than suggest, in passing, that Brazier v. Banning, 20 Pa. 345, and similar cases, in which there was no rule of court authorizing a judgment for part and further proceedings for the rest of the claim, stand upon entirely different grounds.

The procedure act of 1887 has no bearing on the present case, but a reference in the opinion of the court below to Marlin v. Waters, 127 Pa. 177, leads me to say that the opinion in that case was not intended to imply that existing rules of court, as to taking judgments for part of a claim, had by the act received such legislative sanction as practically incorporated them in the act, or took them out of the control of the courts. All that the act does is to mention them in such manner as to avoid the implication that they are abolished. Rules upon the subject, old or new, are still within the authority and control of each court in regard to its own practice.

> Judgment reversed, and record remitted for entry of judgment on the whole claim.